RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 05a0287p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 04-5136

JASON SETTLE,

*Defendant-Appellant.*

Filed: July 1, 2005

Before: SILER and CLAY, Circuit Judges; BERTELSMAN, District Judge.[*]

## ORDER

On January 11, 2005, this Court issued an opinion affirming Defendant Jason Settle's conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *United States v. Settle*, 394 F.3d 422 (6th Cir. 2005). On June 6, 2005, the United States Supreme Court granted Settle's petition for a writ of certiorari, vacated the judgment of this Court, and remanded to this Court for further consideration in light of *United States v. Booker,* 543 U.S. __, 125 S. Ct. 738 (2005). *Settle v. United States*, __ U.S. __, 2005 WL 1113831 (June 6, 2005). We hereby reinstate our opinion of January 11, 2005, with the exception of the last sentence of the first paragraph and Parts III and IV, which shall be amended as specified below.

The last sentence of the first paragraph of the amended opinion shall read, "For the reasons that follow, we **AFFIRM** the district court's order denying Settle's motion to dismiss the indictment, but **REMAND** for resentencing in accordance with *United States v. Booker*, 125 S. Ct. 738 (2005)."

Parts III and IV of the amended opinion shall read as follows:

### III.
### Sentencing Issues

**A.     Standard of Review**

This Court reviews *de novo* the district court's legal interpretation of the Guidelines, including mixed questions of law and fact. *United States v. Davidson*, ___ F.3d ___, Nos. 03-6544/6549, 2005 U.S. App. LEXIS, *12-14 (6th Cir. May 18, 2005).

---

[*] The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

**B.     Analysis**

The district court applied U.S. Sentencing Guidelines Manual ("Guidelines") § 2K2.1 in order to determine the offense level for Settle's violation of 18 U.S.C. § 922(g). *See* GUIDELINES app. A. Section 2K2.1 contains a "Cross Reference" provision, which states that "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense …, apply § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined" using § 2K2.1. *Id.* § 2K2.1(c)(1)(A). Section 2X1.1(c)(1) provides that "[w]hen an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section." *Id.* § 2X1.1(c)(1). Based on a finding that Settle's firearms offense on July 4, 2002 was part of a course of conduct that culminated in Settle's July 17, 2002 intentional shooting and severe injury of Lonnie Young, the district court concluded that Settle had used the firearm on July 4, 2002 in an attempt to murder Young. Thus, the court concluded that Settle's conduct was covered by Guidelines § 2A2.1 (Assault with Intent to Commit Murder; Attempted Murder). The court applied that Guideline to calculate the offense level, because use of that Guideline resulted in a greater offense level than that determined under § 2K2.1.

Guidelines § 2A2.1 provides for a base offense level of 28, "if the object of the offense would have constituted first degree murder." GUIDELINES § 2A2.1(a)(1). In the presentence report, the probation officer stated that the appropriate offense level was 28 because "it appears that the object of the offense would have constituted first degree murder." The district court agreed. Based on Young's disabling injuries, the probation officer further recommended, and the district court agreed, an increase of four levels pursuant to Guidelines § 2A2.1(b)(1)(A), which applies when "the victim sustained permanent or life-threatening bodily injury." The court also adopted the probation officer's recommendation of a two-point increase in Settle's base offense level, pursuant to Guidelines § 3C1.1 (Obstructing or Impeding the Administration of Justice), because Settle had threatened or intimidated witnesses and victims. Last, the court adopted the probation officer's recommendation against an adjustment for acceptance of responsibility because of the recommended § 3C1.1 enhancement. Settle's total offense level was calculated to be 34.

With a criminal history category of III and an offense level of 34, Settle was subject to a sentencing range of 188 to 235 months, far in excess of the statutory maximum of 120 months for the firearms violation. The district court sentenced Settle to the 120 month maximum. If the district court had not found that Settle used a firearm in connection with the attempted murder of Young, Settle's base offense level would have been 14, pursuant to Guidelines § 2K2.1(a)(6). Even with a two point increase for obstruction of justice, Settle would have been subject to a sentencing range of only 27 to 33 months, far below the 120 month sentence he received.

Regardless of whether the district court imposed Settle's sentence in violation of the Sixth Amendment,[1] this Court must remand for resentencing in light of our holding in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005) . In *Barnett*, this Court established a presumption that any pre-*Booker* sentencing determination constitutes plain error because the Guidelines were then mandatory. *Id.* at 526-29. Consequently, a defendant must be re-sentenced unless the sentencing

---

[1]Settle informed the court that he had no objection to the description of his offense of conviction and other relevant conduct as set forth in the presentence report. These admitted facts demonstrate a clear connection between the firearm that Settle possessed on July 4, 2002 (in an attempt to kill Young) and the other firearms he possessed thereafter (in order to shoot Young and to avoid detection for that shooting). Admitted facts that are necessary to support a sentence that exceeds the maximum sentence authorized solely by the facts established by a guilty plea need not be proved to a jury beyond a reasonable doubt. *Booker*, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

record contains clear and specific evidence to the effect that, even if the sentencing court had known the Guidelines were advisory, it would have sentenced the defendant to the same (or a longer) term of imprisonment. *See id*.; *see also United States v. Hudson*, 405 F.3d 425 (6th Cir. 2005). Because the record lacks such clear and specific evidence, we remand for resentencing in accordance with *Booker*.

On remand, the district court must impose a reasonable sentence that takes into account the sentencing factors set forth at 18 U.S.C. § 3553(a), as well as the Sentencing Guidelines. *Booker*, 125 S. Ct. at 765-67. Part of that inquiry will involve a determination of Settle's base offense level attributable to his offense conduct on July 4, 2002 and all "relevant conduct." *See* GUIDELINES § 1B1.3(a) (defining scope of relevant conduct for, *inter alia*, the cross references in Chapter Two of the Guidelines); *see also id.* § 1B1.1, Application Note 1(k) (the term "offense" means "the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct)"). The relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" and "that occurred during the commission of the offense, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *Id.* § 1B1.3(a)(1). It also includes all harm that resulted from these acts and omissions and all harm that was the object of such acts and omissions. *Id.* § 1B1.3(a)(3).[2]

In determining the relevant conduct for Settle's offense, the district court will be free to consult Guidelines § 2K2.1(c)(1), which, as noted, provides that if the defendant used or possessed "any" firearm or ammunition in connection with the commission or attempted commission of another offense, then § 2X1.1 for attempt offenses governs as long as that Guideline results in a higher offense level. GUIDELINES § 2K2.1(c)(1). Even though Settle used a different firearm to shoot Young (as well as other victims) than the firearm that he possessed on July 4, 2002, § 2K2.1(c)(1)'s reference to "any" firearm does not mean that the firearm used in the offense of conviction and the firearm used in connected conduct (*e.g.,* the attempted murder of Young) must be one and the same for purposes of determining the relevant conduct.

In *United States v. Jardine*, 364 F.3d 1200, 1207 (10th Cir. 2004), the Tenth Circuit rejected the argument that the use of a firearm triggers § 2K2.1(c)(1)'s cross reference to § 2X1.1 only when that firearm is the same firearm that sustained the § 922(g) felon-in-possession convictions.[3] The court cited the Eighth Circuit's decision in *United States v. Mann*, 315 F.3d 1054 (8th Cir. 2003), which rejected a similar argument when it concluded that the use of "any firearm or ammunition" in § 2K2.1(b)(5), a provision similar to § 2K2.1(c)(1), indicates that the Guideline "applies to *any* firearm and not merely to a particular firearm upon which the defendant's felon-in-possession conviction is based." *Id.* at 1056 (emphasis in original); *see also id.* (finding the reference to "any firearm" to be "unambiguous"; noting that the Sentencing Guidelines uses the term "the" when

_____

[2] In certain cases, the relevant conduct includes acts and omissions that the defendant caused "that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.* § 1B1.3(a)(2). This conduct is only considered, however, "with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts." *Id.* Guidelines § 3D1.2 provides that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." GUIDELINES § 3D1.2. Settle correctly argues that Guidelines § 1B1.3(a)(2) does not apply in his case because the firearms offense cannot be grouped with the post-July 4, 2002 offenses in which he attempted to kill Lonnie Young and committed other acts of violence to avoid detection for that offense. *See* GUIDELINES § 3D1.2(d) (providing that "all offenses in Chapter Two, Part A" are specifically excluded from the operation of that subsection.).

[3] We note that the Supreme Court vacated the Tenth Circuit's judgment in *Jardine* and remanded the case in light of *Booker. Jardine v. United States*, 125 S. Ct. 1024 (2005). On remand from the Supreme Court, the Tenth Circuit reinstated its original opinion – including the analysis upon which we rely in this discussion – but remanded the case to the district court for re-sentencing in accordance with *Booker. United States v. Jardine*, 406 F.3d 1261 (10th Cir. 2005) (order on remand).

referring to a specific firearm, whereas "any" applies "'[w]hen any firearm or ammunition will do'") (quoting *United States v. Sutton*, 302 F.3d 1226, 1227-28 (11th Cir. 2002)). Based on *Mann*, the court held that "§ 2K2.1(c)(1) applies to *any* firearm or ammunition, including that firearm or ammunition used by a defendant in connection with another offense, even if different from the particular firearm or ammunition upon which defendant's felon-in-possession conviction is based." *Jardine*, 364 F.3d at 1208 (emphasis in original).

The court in *Jardine* stated that its holding was supported by two further considerations. First, "the Guidelines require courts to consider all relevant conduct when determining the sentencing guideline range," *id.* (citing GUIDELINES § 1B1.3; other citations omitted), and the defendant's use of firearms in past drug transactions and his admitted trading of ammunition for methamphetamine were therefore "clearly relevant" to his sentencing for felon-in-possession charges. *Id.* Second, the defendant's reading of the word "any" would lead to an absurd result by "benefit[ting] those criminals who are not apprehended with the exact firearm they used or possessed in connection with the commission of another offense." *Id.* "In such a case, the government would be precluded from seeking § 2K2.1(c)(1)'s enhancement even when it is undisputed that the defendant used or possessed a firearm, unless it could actually prove it was one of the exact weapons for which the defendant was charged under 18 U.S.C. § 922(g)." *Id.*

Settle argues that this Court's decision in *United States v. Roxborough*, 99 F.3d 212 (6th Cir. 1996) is in conflict with, and therefore trumps, the *Jardine* decision. We disagree. In *Roxborough*, the defendant pleaded guilty to one count of violating 18 U.S.C. § 922(c) for dealing in firearms. *Id.* at 213. Prior to the defendant's arrest on that count, undercover ATF agents had obtained several firearms, two of which whose serial numbers had been obliterated. *Id.* When the serial number were restored, the agents traced the guns back to the defendant. *Id.* At sentencing, the government conceded that it could not establish Roxborough's involvement in removing the serial numbers from the two guns or that any of the firearms seized at the time of his arrest similarly lacked serial numbers. *Id.* Nevertheless, the district court imposed a two-level enhancement under § 2K2.1(b)(4), which applies if "any firearm was stolen, or had an altered or obliterated serial number." GUIDELINES § 2K2.1(b)(4). The district court reasoned that "Roxborough took the risk that the serial numbers on unlawfully sold guns would be obliterated." *Roxborough*, 99 F.3d at 213.

On appeal, this Court held that the obliterated serial numbers were not "relevant conduct" under § 1B1.3 because there was no evidence that the defendant was himself responsible or otherwise connected in any way with the obliteration. *Id.* at 214. Nor was there any evidence that the obliteration of the serial numbers on the two guns "'occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.'" *Id.* (quoting GUIDELINES § 1B1.3(a)(1)). The Court also found that the "any firearm" language contained in the obliteration enhancement provision itself (§ 2K2.1(b)(4)) did not provide more explicit instructions on what constitutes relevant conduct than § 1B1.3. *Id.* at 216. The Court held that "'§ 2K2.1(b)(4) … obviously is not intended to apply to firearms wholly unrelated to the charged offense.'" *Id.* (quoting *United States v. Gonzales*, 996 F.2d 88, 92 n.6 (5th Cir. 1993)). Because there was no evidence relating the two firearms with obliterated serial numbers to the offense of conviction, the Court held that the enhancement under § 2K2.1(b)(4) was inappropriate. *Id.*; *see also Gonzales*, 996 F.2d at 92 n.6 (opining that "any" firearms referenced in § 2K2.1(c)(1) "must at least be related to those in the charged offense," but need not be specified in the count of conviction, in order to be considered part of the relevant conduct).

*Roxborough* and *Gonzalez*, which *Roxborough* cites, stand only for the proposition that there must be a relationship between firearms that form part of the relevant conduct and the firearms that are part of the offense of conviction. They do not hold that the firearms have to be the same. Thus,

on remand the district court may apply Guidelines § 2K2.1(c)(1) if it finds a clear connection between the firearm that Settle possessed on July 4, 2002 and any different firearm he possessed thereafter in order to shoot Young, intimidate witnesses to the Young shooting, and/or rob individuals in order to obtain money that would assist Settle's effort to avoid detection for shooting Young.

## IV.

For all the foregoing reasons, we **AFFIRM** Settle's conviction but **REMAND** for resentencing in accordance with *Booker*.

ENTERED BY ORDER OF THE COURT


/s/ Leonard Green

_____
Clerk