UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Argued November 2, 2005

Decided November 29, 2005

Before

**Hon.** JOHN L. COFFEY, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** ANN CLAIRE WILLIAMS, Circuit Judge

No. 05-1667

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

    *v.*

MELVIN G. TATE,
    *Defendant-Appellant*.

Appeal from the United States District Court for the Central District of Illinois.

No. 04-20016-001
Michael P. McCuskey, *Chief Judge*.

## Order

Sentencing is the only issue in this criminal appeal. Melvin Tate pleaded guilty to possessing a firearm despite a prior felony conviction. 18 U.S.C. §922(g)(1). His sentence of 109 months' imprisonment was influenced by the district court's conclusion that he possessed a firearm in connection with another crime. See U.S.S.G. §2K2.1(b)(5). Shannette Tetter, Tate's former girlfriend, told officials that he carried a gun when transporting and selling heroin. According to Tate, Tetter's statement is too unreliable to be the basis of a higher sentence.

The accuracy of statements is a question for the trier of fact in all but the rarest situations. The district judge had two good reasons for believing Tetter: First, everything that she told law-enforcement officials that could be verified was checked and verified; that lent her other statements the ring of truth. Tate conceded the accuracy of many of her statements (such as that he was a drug dealer). Second, the proposition that guns and drugs go together is a commonplace. It would be the rare drug dealer who owned a gun (as Tate has admitted he did) yet did not ever carry

that gun in connection with his drug business. Tate could have called Tetter to the stand but chose not to do so; the *procedures* used to ascertain the facts were adequate to test her ability to recall and relate what happened.

Tetter did not know (at least, did not say) whether the gun Tate toted with his heroin was the same one he admitted possessing as part of his guilty plea. One court of appeals has held that an enhancement under §2K2.1(b)(5) is proper whether or not defendant used a second gun. See *United States v. Mann*, 315 F.3d 1054, 1057 (8th Cir. 2003). That is sensible; why should the sentence for a person who carries multiple firearms be lower than that of a person who possesses just one? There is no contrary authority. See also *United States v. Settle*, 414 F.3d 629, 633–34 (6th Cir. 2005); *United States v. Jardine*, 364 F.3d 1200, 1207–08 (10th Cir. 2004) (same conclusion under analogous provision of Guidelines). We need not pursue the subject, however. Tate did not try to pin down at sentencing whether he possessed and used one gun or more than one. Moreover, the question after *Booker* is not whether the Sentencing Guidelines *compel* the judge to add time to an offender who uses a second gun, but whether a sentence computed as the judge did is reasonable. This sentence is reasonable by analogy to §2K2.1(b)(5) whether or not that Guideline covers the multiple-firearm situation directly.

AFFIRMED