**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0537n.06
Filed: August 1, 2006

**No. 03-5852**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MARC ANTONIO ROBINSON, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GILMAN and COOK, Circuit Judges; DOWD, District Judge.[*]

COOK, Circuit Judge. A one-count indictment charged Marc Robinson with being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g), and a jury convicted him after a trial in which he stipulated to his convicted-felon status. Robinson maintains that after his trial he discovered that the predicate felony cited in the indictment was in fact a misdemeanor. On appeal, he argues that the lack of a predicate felony renders him "actually innocent" of the felon-in-possession charge. He asks this court to set aside his stipulation and reverse his conviction. He also raises a *Booker* challenge. Because the record does not demonstrate that Robinson's stipulation worked a manifest injustice, we affirm his conviction, but we vacate his sentence and remand for resentencing in light of *Booker*.

_____

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

I

As Kentucky police officers attempted to stop the car that Robinson was driving, they observed someone throw a gun from the passenger-side window. The officers arrested Robinson, and a grand jury indicted him for knowingly possessing a firearm after "having been previously convicted in Milwaukee County Circuit Court, Milwaukee, Wisconsin, . . . of the crime of endangering safety, a felony offense." Robinson pleaded not guilty and elected to represent himself. At trial, Robinson stipulated to having been convicted of a felony and repeatedly admitted to his status as a convicted felon. He advanced the theory that the gun belonged to his passenger rather than to him.

Robinson claims that, shortly after the jury convicted him, he discovered that the felony named in the indictment—endangering safety—was actually a misdemeanor but was erroneously entered as a felony by the state court fourteen years earlier. He brought a "Motion to Dismiss," which the district court treated as a motion for a new trial and denied. The court sentenced him to 120 months of imprisonment and three years of supervised release. Robinson appeals, arguing that his conviction should be reversed and that, in any event, he should be resentenced in light of *Booker*.

II

A. Robinson's Stipulation

Robinson asks this court to relieve him from the effects of his stipulation. He does not dispute that he has multiple felony convictions, but argues that the indictment in this case relied upon only the Milwaukee County conviction. According to Robinson, the Milwaukee County Circuit Court's judgment mistakenly listed the conviction as a felony and, in September 2003 (after sentencing in this case), the state court recognized its error and issued an amended judgment altering his conviction. The new judgment reflects a conviction for the misdemeanor of reckless use of a weapon. This amended judgment, Robinson contends, requires us to set aside his stipulation because it eliminates his predicate felony conviction and renders him "actually innocent" of the felon-in-possession offense.

"[S]tipulations entered into freely and fairly are not to be set aside except to avoid manifest injustice." *Fairway Constr. Co. v. Allstate Modernization, Inc.*, 495 F.2d 1077, 1079 (6th Cir. 1974); *see also Estate of Quirk v. Comm'r*, 928 F.2d 751, 759 (6th Cir. 1991) ("[W]hen a party wants to waive an argument or issue that might otherwise be litigated, the waiver can be accomplished by a stipulation . . . . [I]f parties could challenge their prior stipulations at will, stipulations would lose much of their purpose.").

Even if Robinson is correct that the Milwaukee court amended its judgment after his conviction and sentence in this case, we perceive no manifest injustice in holding Robinson to his stipulation. We have consistently held that "[t]he defendant's status *on the date of the offense* controls whether the felon in possession laws have been violated." *United States v. Olender*, 338

F.3d 629, 636 (6th Cir. 2003) (emphasis added) (holding that the district court did not abuse its discretion in denying appellant's motion for a new trial on felon-in-possession charge where, after the federal trial, the state court ruled that the predicate conviction had been erroneously entered as a felony instead of a misdemeanor and amended its judgment accordingly). We have held in similar circumstances that "any ruling which [the defendant] managed to obtain in state court subsequent to his commission of, and federal conviction for, the offense of felon in possession of ammunition, is irrelevant." *Id.* at 631; *see also United States v. Settle*, 394 F.3d 422, 430-31 (6th Cir.), *vacated*, 125 S. Ct. 2560, *reinstated in relevant part*, 414 F.3d 629 (6th Cir. 2005) (affirming denial of post-guilty-plea motion to dismiss indictment where state court entered *nunc pro tunc* order declaring predicate felony void *ab initio* because of defendant's juvenile status at time of conviction). Thus Robinson's stipulation worked no manifest injustice, particularly in light of his multiple felony convictions.

## B. Sentencing Error

Robinson also challenges his sentence as imposed under a mandatory-Guidelines regime. The Government concedes that Robinson must be resentenced in light of *United States v. Booker*, 543 U.S. 220 (2005). We agree, and we vacate Robinson's sentence and remand for resentencing.

We are, however, unpersuaded by Robinson's argument that *Booker* prohibits the sentencing judge from applying Guidelines enhancements based on judge-found facts. Because the Guidelines are no longer mandatory, the district court may, in calculating the Guidelines-recommended

sentencing range, apply enhancements based on facts not found by a jury beyond a reasonable doubt or admitted by the defendant. *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005) ("*Booker* did not eliminate judicial fact-finding. Instead, the remedial majority gave district courts the option . . . to sentence a defendant outside the . . . Guideline range. District courts . . . must, therefore, calculate the Guideline range as they would have done prior to *Booker*, but then sentence defendants by taking into account all of the relevant factors of 18 U.S.C. § 3553, as well as the Guidelines range.").

## C. Robinson's Other Challenges

Robinson advances several additional challenges pro se. First, he contends that the district court lacked subject matter jurisdiction over his trial because he did not commit the felony charged in the indictment. But, even if Robinson were correct that he did not commit the felony charged, he points to nothing that would deprive the district court of jurisdiction to hear his case. His argument is "really a dispute concerning whether the government proved all of the elements necessary to sustain a conviction under 922(g)." *Settle*, 394 F.3d at 431; *see United States v. Wallace*, 280 F.3d 781, 784 (7th Cir. 2002).

Robinson next complains that the Government unconstitutionally exercised its peremptory challenges. *See Batson v. Kentucky*, 476 U.S. 79, 89 (1986) ("[T]he Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race."); *United States v. Angel*, 355 F.3d 462, 471 (6th Cir. 2004) (applying *Batson* under Fifth Amendment's Due Process Clause).

Robinson objected to the racial composition of the jury *pool*, but lodged no *Batson* challenge when the Government exercised a peremptory challenge to strike the only African American member of the jury pool. The Government was never given the opportunity to state its race-neutral justification and the district court never ruled on the Due Process issue. Consequently, we decline to consider Robinson's argument. *See United States v. Humphrey*, 287 F.3d 422, 438-39 (6th Cir. 2002) (declining to consider *Batson* challenge not raised below), *overruled on other grounds by United States v. Leachman*, 309 F.3d 377, 383 (6th Cir. 2002).

Robinson also asserts that the government knowingly presented perjured testimony. Robinson neglected to raise this claim below, and we review only for plain error. *See United States v. Blood*, 435 F.3d 612, 627 (6th Cir. 2006). Because Robinson fails to show that the prosecutor knew of any alleged perjury, we find no plain error. *See United States v. Pierce*, 62 F.3d 818, 834 (6th Cir. 1995) ("To prevail on a claim that the government presented perjured testimony, [a defendant] must show '(1) that the statements were actually false; (2) the statements made were material; and (3) [the] prosecution knew they were false.'" (citation omitted) (second alteration in original)).

Finally, Robinson argues that the district court improperly considered the Milwaukee County conviction in calculating his sentence. Given our decision to remand the case for resentencing based on *Booker*, we find it unnecessary to address this argument.

III

We affirm Robinson's conviction, but vacate his sentence and remand for Robinson to be resentenced in accordance with the principles established in *Booker*.