NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0568n.06
Filed: August 7, 2006

No. 05-5602

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Plaintiff-Appellee, | ) | COURT FOR THE |
| | ) | EASTERN DISTRICT OF |
| v. | ) | TENNESSEE |
| | ) | |
| TRACY HUGHLEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     RYAN, COOK, Circuit Judges; and GWIN, District Judge.[*]

Gwin, District Judge:

With this appeal, Defendant-Appellant Tracy Hughley appeals his sentence on one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). Hughley pled guilty to the charge and the district court sentenced him to 120 months' incarceration and five years' supervised release. The defendant argues that the district court incorrectly applied the United States Sentencing Guidelines and that the record did not support the sentence given him. For the reasons that follow, we **VACATE** the district court's decision to sentence the defendant to five years' supervised release and **REMAND** the case to the district court for resentencing on that issue only.

---

[*] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

-1-

## I. Background

On January 13, 2004, the Government filed a three-count indictment against the defendant and one co-defendant in the Eastern District of Tennessee. The indictment charged Defendant Hughley with (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 2); and (2) conspiracy to distribute and possess with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846 (Count 3). (J.A. at 8). The district court issued an arrest warrant on January 14, 2004, and the Government arrested the defendant on April 1, 2004.

On November 30, 2004, Hughley filed a Notice of Intent to Plead Guilty to the firearm charge in Count 2. On December 6, 2004, the defendant pled guilty, without a plea agreement, to Count 2. At the hearing, Assistant U.S. Attorney Christopher Poole stated the factual basis of the Government's case. In describing the offense, Poole related that on July 31, 2001, the police executed a search warrant at a home in Chattanooga, Tennessee. Inside, the police found the defendant and two other individuals seated in the living room. The police found 34.4 grams of crack cocaine in the living room, as well as a shotgun and a pistol. The police recovered other firearms, scales with cocaine residue, plastic baggies, and baking soda elsewhere in the house. Poole also stated: "I believe both the defendant and his co-defendant, Mr. Turner, had crack cocaine on their person." Further, the police recovered $1300 cash from Defendant Hughley's person. (J.A. at 27).

The defendant agreed that he possessed the recovered firearms, and also the cash. The defendant did not agree that there was any crack cocaine recovered from him directly. Rather, Hughley said that the police only recovered crack from the other individuals in the house. (J.A. at

28). To this, Judge R. Allan Edgar responded: "I think this is a firearms offense and so I don't think that we'll be talking about drug quantities in connection with sentencing here." *Id.* After noting Hugley's disagreement as to the crack cocaine, Judge Edgar accepted the defendant's plea of guilty. (J.A. at 29).

A probation officer prepared a pre-sentence report in preparation for sentencing. (J.A. at 63). Using Guideline calculations and alternative calculations should Hughley be found to be an armed career criminal, the report recommended that Hughley had an offense level calculation of 34. The pre-sentence report then recommended a three-level downward departure for acceptance of responsibility. The pre-sentence report recommended a total offense level of 31 for both the cross-referenced drug offense and the armed career criminal assessment. (J.A. at 68).

The pre-sentence report suggested a total of seven criminal history points for the defendant, a score that would place him in Criminal History Category IV. However, because the pre-sentence report recommended that Hughley be found to be an armed criminal, the pre-sentence report advised that his criminal history classification should be increased to Category VI. (J.A. at 70). According to the officer's calculations, the defendant had a guideline sentencing range of 188 to 235 months' incarceration. (J.A. at 74).

On March 11, 2005, the district court held a sentencing hearing. At the hearing, Hughley objected to the probation officer's suggestion that he was an armed career criminal. The court requested the parties brief the issue, and rescheduled the sentencing hearing for April 4, 2005. (J.A. at 31-34). On March 28, the district court entered an order finding that the defendant was not subject to the armed career criminal sentencing enhancements. (J.A. at 18).

At the April 4 sentencing hearing, Defendant Hughley objected to (1) the conversion of the cash found on him at the time of arrest into cocaine base for sentencing purposes, and (2) the cross-reference to the drug charge in Count 3 because the Government agreed that it would dismiss Count 3 at the time of sentencing. (J.A. at 36-39). In response to Hughley's objections, the Government called ATF Special Agent Paris Gillette to testify regarding the circumstances of the arrest. Agent Gillette testified that Hughley's co-defendant stated that on July 31, 2001, he was at the house to buy crack cocaine from Hughley. Gillette further testified that the co-defendant said that three of the four recovered firearms belonged to Hughley. (J.A. at 41-42). On cross-examination, Agent Gillette testified that while police officers made several controlled buys at the residence, he could not confirm that they specifically made the purchases from Hughley. Agent Gillette also stated that the authorities did not recover any cocaine base from Hughley's person. (J.A. at 46).

After hearing Agent Gillette's testimony and arguments from counsel, the district court found that Hughley possessed the firearms as a convicted felon, and that he used or possessed them in connection with the drug offense charged in Count 3. (J.A. at 53). The judge based his finding on the $1300 in cash on Hughley's person, the large amounts of cocaine base at the scene, the presence of firearms, the defendant's longstanding unemployed status, the co-defendant's comments and the controlled purchases. (J.A. at 53-54).

The district court set the defendant's criminal history category at IV. Having found that Hughley used or possessed the firearms in connection with the drug offense, Judge Edgar cross-referenced the sentencing guideline for the drug offense as directed in USSG §§ 2K2.1(c)(1)(A) and 2X1.1. (J.A. at 55). The court noted that the defendant's base offense level would be 32 based on

the amount of cocaine base and the cash converted to cocaine base. *See* USSG § 2D1.1; USSG § 2D1.1(c)(4), Application Note 12. The court added two levels for possessing the firearms during the offense under USSG § 2D1.1(b)(1). And the court granted a three-level reduction for acceptance of responsibility. This resulted in a final offense level of 31. Based on these calculations, the defendant faced a guideline range of 151-188 months' incarceration.

Alternatively, the district court noted the defendant's base offense level would be 30 if the cash did not count towards the total amount of cocaine base. With the two-level firearm enhancement and three-level reduction for acceptance of responsibility, the defendant's total offense level would be 29. (J.A. at 55-56). Under this calculation, the defendant's guideline range was 121 to 151 months' incarceration.

After it made the offense level calculations, the district court noted that both guideline sentences were above the statutory maximum (120 months) for the firearm charge to which the defendant pled guilty, pursuant to 18 U.S.C. § 922(g).[1] (J.A. at 56). The court then considered the defendant's past convictions, the seriousness of the offense, the need for deterrence, and the public welfare, and sentenced the defendant to 120 months' incarceration—the statutory maximum—together with five years' supervised release.

The court entered its judgment on April 14, 2005, and the defendant filed his notice of appeal on April 15, 2005.

## II. Legal Standard

---

[1]It appears the sentencing court never definitely set Hughley's base offense level. See J.A. at 62 ("He's at least a level 29.").

We review a constitutional challenge to a defendant's sentence *de novo*. *See United States v. Campbell*, 279 F.3d 392, 397 (6th Cir. 2002).

We also review a district court's interpretation of the advisory sentencing guidelines *de novo*. *See United States v. Gardner*, 417 F.3d 541, 543 (6th Cir. 2005). The *de novo* review extends to mixed questions of law and fact. *See United States v. Settle*, 414 F.3d 629, 630 (6th Cir. 2005). For purposes of determining the guideline recommendation, we accept a district court's factual finding unless it is clearly erroneous. *See United States v. Davidson*, 409 F.3d 304, 310 (6th Cir. 2005). We review a final sentence under the sentencing guidelines for reasonableness. *See United States v. Harris*, 397 F.3d 404 (6th Cir. 2005).

But with respect to objections Hughley raises for the first time on appeal, we review for plain error. *Gardner*, 417 F.3d at 543. A finding of plain error requires this court to find that (1) an error occurred in the district court, (2) the error was plain, (3) the error affected the defendant's substantial rights, and (4) the adverse impact seriously affected the fairness, integrity, or public perception of the judicial proceedings. *See United States v. Smith*, 404 F.3d 1019, 1023 (6th Cir. 2005).

### III. Analysis

The defendant challenges: (1) the five-year term of supervised release, (2) the district court's use of the 2004 sentencing Guidelines Manual instead of the 2000 Manual, (3) the district court's consideration of facts not admitted by the defendant or proven beyond a reasonable doubt, (4) the four-level enhancement based on a finding that the defendant used or possessed a firearm in connection with another felony offense, and (5) the district court's consideration of hearsay statements of a co-defendant. The defendant also makes a *pro se* argument that the district court

incorrectly calculated his offense level based on his prior controlled substance offenses.

## A.  Supervised Release

The Government concedes that the district court committed plain error when it sentenced Hughley to a five-year term of supervised release.  For purposes of imposing a term of supervised release, the maximum term of imprisonment determines the maximum term of supervised release. Under 18 U.S.C. § 922(g), the statutory maximum sentence is ten years. Because the statutory maximum sentence is ten years under 18 U.S.C. § 922(g), Hughley's offense is a Class C felony. Under 18 U.S.C. § 3583(b), a Class C felony is subject to not more than three years of supervised release.

Both parties agree that the defendant is subject to a maximum three-year term of supervised release for violation of 18 U.S.C. §922(g), a Class C felony.  We therefore vacate Hughley's sentence and remand the case to the district court for resentencing on the issue of supervised release.

## B.  The 2004 Sentencing Guidelines Manual

The defendant contends that the district court violated the *ex post facto* clause of the Constitution by using the 2004 Sentencing Guidelines Manual instead of the 2000 Manual.  The Government responds that the district court properly calculated the defendant's advisory sentencing range and the use of the 2004 Manual did not affect the defendant's sentence.  In making the argument that the *ex post facto* provision was implicated, Hughley suggests that the district court relied upon USSG § 2K2.1(b)(1)(A)(2004) and improperly increased the offense level two levels. Hughley says that the Guideline Manual in effect at the time the offense was committed only called for an increase of one level. *See* USSG § 2K2.1(b)(1)(A)(2000); *see also* USSG § 1B1.11(b)(1) ("If

the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.").

Contrary to Hughley's argument, the district court did not apply the two-level increase provided by USSG § 2K2.1(b)(1)(A). Instead, the district court cross-referenced the calculations provided by USSG § 2X1.1. In its final calculation, the district court never used the two level enhancement provided by the 2004 Sentencing Guidelines. *See* USSG § 2K2.1(b)(1)(A).

In determining Hughley's guideline calculation, the district court first considered the calculation under § 2K2.1(a)(2). Under that provision, the district court found Hughley had a base offense level of 24 because he had previously suffered at least two felony convictions of either a crime of violence or a controlled substance offense. To this base level, the district court added two levels because at least three firearms were involved. USSG § 2K2.1(b)(1)(A). The district court then added an additional four levels because Hughley possessed the firearms in connection with another felony offense. § 2K2.1(b)(5), resulting in a level 30 total.

However, the district court then considered § 2K2.1(c)(1) which directs the sentencing court to use § 2X1.1 if the felon used or possessed any firearm in connection with the commission of another offense and the resulting base level is higher than it would otherwise be under § 2K2.1.[2]

---

[2]USSG §2K2.1(c)(1)(A) contains the cross reference provision:

"(1) If the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition with knowledge or intent that it would be used or possessed in connection with another offense, apply --

(A) §2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above."

The district court found that Hughley possessed the firearms in connection with a conspiracy to possess with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Having found the firearm possession was associated with the conspiracy, the district court cross-referenced § 2D1.1. *See* USSG § 2X1.1(c)(1). Finding that the § 2D1.1 Guideline calculation resulted in a higher level than the § 2K2.1, calculation, the district court applied the § 2X1.1 and § 2D1.1 calculations. The district court did not use the § 2K2.1(b)(1)(A) calculation so there was no *ex post facto* issue.

The *ex post facto* clause is implicated only if government punishes behavior not illegal at the time it was committed, or increases punishment beyond that authorized at the time of the offense. *See Garner v. Jones*, 529 U.S. 244, 249-50 (2000). Because both the 2000 Guidelines and the 2004 Guidelines cross-reference § 2X1.1 and § 2D1.1 and the punishment under those sections remains the same, the *ex post facto* clause was not violated.

*C. Consideration Of Facts Not Admitted By The Defendant Or Proven Beyond A Reasonable Doubt*

Defendant Hughley contends that the district court committed plain error by basing his sentence on judge-found facts, in violation of the Sixth Amendment. The Government responds that the district court acted properly based on the evidence before it. We agree with the Government.

The defendant characterizes the district court's findings as contrary to the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005). There, the Supreme Court reaffirmed its holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury

-9-

beyond a reasonable doubt." *Booker*, 543 U.S. at 244. However, that holding from *Apprendi* "rests on the premise . . . that the relevant sentencing rules are mandatory and impose binding requirements on all sentencing judges." *Id.* at 233. The Supreme Court remedied this issue by invalidating the portions of the Sentencing Reform Act that made the Sentencing Guidelines mandatory, thus "mak[ing] the Guidelines effectively advisory." *Id.* at 245.

Here, the district court sentenced the defendant under the Sentencing Reform Act as *Booker* amended it. Judge Edgar considered the Guidelines as advisory, rather than mandatory. Consequently, the district court permissibly engaged in fact-finding at the time of sentencing.

*D. Enhancement For Use Or Possession Of Firearm In Connection With Another Felony*

The defendant challenges the district court's finding that he possessed the four firearms in connection with a felony drug trafficking offense. Based on that finding, the district court applied the cross-reference provision in USSG § 2K2.1(c)(1)(A). That resulted in the defendant having an offense level of at least 29 for the drug trafficking charge in Count 3. Without the cross-reference, the defendant's base offense level for the firearm charge would have been 24. The Government says the district court did not err in its factual findings. We agree with the Government.

Although the defendant only pled guilty to the firearm charge, the district court followed USSG § 2K2.1 and assigned the defendant the base level for the drug trafficking charge in Count 3. With respect to a cross-referenced offense level, the Government "need not charge and convict the defendant with the 'other' offense; it need only prove the facts supporting the greater charge by a preponderance of the evidence." *United States v. Vaught*, 133 Fed. Appx. 229, 233 (6th Cir. 2005). Further, "[e]ven if the district judge does not make detailed findings as to these supporting

facts, the Court of Appeals need not remand the case; we may look to the record to determine whether the district judge's decision was clear error." *Id.*

Here, the Government offered substantial evidence to show that the defendant engaged in drug trafficking at the time of his arrest. Judge Edgar offered a detailed factual assessment in support of his finding that the defendant engaged in drug trafficking. (J.A. at 54-55). The record indicates that the police found one shotgun on the floor in front of the defendant, and a pistol underneath a nearby couch. The police recovered other firearms elsewhere in the house, along with cocaine base and drug trafficking paraphernalia. (J.A. at 27-28). Under these circumstances, it was not error for the district court to find that the defendant possessed the firearms in connection with the drug trafficking offense.

The defense cites several cases in arguing that the district engaged in impermissible fact-finding, but these cases generally address pre-*Booker* sentences based on judicial fact-finding under the then-mandatory Sentencing Guidelines. *See United States v. Brika*, 416 F.3d 514 (6th Cir. 2005) (vacating sentence and remanding for resentencing in compliance with *Booker*); *United States v. Smith*, 404 F.3d 1019 (6th Cir. 2005) (same). Here, the district court engaged in fact-finding and sentenced the defendant noting that the Guidelines were advisory, and not mandatory.

The defendant also mistakenly relies on *United States v. Sanders*, 162 F.3d 396 (6th Cir. 1998), in arguing that the firearms were unconnected to the drug trafficking charge. In *Sanders*, we found that the four-level firearms enhancement in USSG § 2K2.1(b)(5) did not apply because the felon-in-possession charge arose directly from the "other felony offense" of burglary of firearms from a pawnshop. *Id.* at 400. Unlike *Sanders*, Defendant Hughley used his firearms directly in

connection and furtherance of the drug trafficking offense. *Sanders* is inapposite.

It is not clear from the defendant's brief whether he challenges the section 2K2.1cross-reference, the alternative four-level section 2K2.1(b)(5) enhancement to the felon-in-possession charge, or both. Regardless, there was sufficient evidence for the district court to apply either the cross-reference or the 2K2.1(b)(5) enhancement.

*E. Considering Co-Defendant's Statements*

Defendant Hughley challenges the district court's reliance on the hearsay statements of his co-defendant. The Government responds that the district court's conduct was, at worst, harmless error. We agree with the Government.

Although "'the sentencing court's use of hearsay information has traditionally been almost unlimited,' there must be some evidence of reliability." *United States v. Gibbs*, No. 96-3383, 1999 U.S. App. LEXIS 36343, at *81 (6th Cir. Apr. 16, 1999) (quoting *United States v. Silverman*, 976 F.2d 1502, 1509 (6th Cir. 1992)). *See United States v. Smith*, 887 F.2d 104, 108 (6th Cir. 1989) ("[D]ue process requires that some evidentiary basis beyond mere allegation in an indictment must be presented to support consideration of such conduct as relevant to sentencing."). As the Commentary to USSG § 6A1.3 notes: "In determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial." Further, "[o]ut-of-court declarations by an unidentified informant may be considered where there is good cause for non-disclosure of the informant's identity and there is sufficient corroboration by other means." *Id.* The Sixth Circuit recently reaffirmed that a trial court may consider hearsay evidence at sentencing. *See United States v. Katzopoulos*, 437 F.3d 569, 576 (6th Cir. 2006).

In this case, the district judge relied not on the testimony of an unidentified informant, but rather a named co-defendant. As part of his own plea agreement, the co-defendant stated that Defendant Hughley sold cocaine base at the time of his arrest. The co-defendant made this statement under penalty of perjury. The co-defendant's statements were corroborated by the presence of cocaine base, scales, and plastic baggies in the house. Further, the police recovered $1300 in cash from Hughley, even though he did not have a steady source of legitimate income. Based on the corroborating evidence, the district court appropriately considered the co-defendant's testimony. Even if the district court improperly credited the co-defendant's testimony, there was sufficient additional evidence for the district court to find that Hughley engaged in drug trafficking.

*F. Prior Controlled Substance Offenses*

The defendant, acting *pro se*, argues that his previous two drug convictions did not qualify him for a base offense level of 24 pursuant to USSG § 2K2.1(a)(2). The Government does not respond to this argument.

Section 2K2.1(a)(2) provides that a defendant shall have a base offense level of 24 if he has previously been convicted of two controlled substance offenses. The term "controlled substance offense" means "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute or dispense." USSG § 4B1.2(b). As the Commentary to section 4B1.2 points out, "controlled substance offense" includes the offense of attempting to commit such an offense.

We note that the district court properly calculated the defendant's base offense level according to the cross-referencing provision in USSG § 2K2.1(c)(1). The base offense level under section 2K2.1(a)(2) thus is immaterial.

Regardless, the pre-sentence report indicates that the defendant has two prior convictions for controlled substance offenses. Tennessee authorities charged him with "felonious possession of cocaine" and "attempt to commit a felony" on two instances in 1989. The state court sentenced defendant to six years' incarceration. The Tennessee felonious possession statute, Tenn. Code § 39-17-417, encompasses the following conduct: (1) manufacturing a controlled substance, (2) delivering a controlled substance, (3) selling a controlled substance, or (4) possessing a controlled substance with intent to manufacture, deliver or sell it. Such conduct falls within the definition of "a controlled substance offense."

Given the defendant's previous state convictions, he qualified for the base offense level of 24 under USSG § 2K2.1(a)(2).

## IV. Conclusion

For the foregoing reasons, we **VACATE** the defendant's sentence and **REMAND** for resentencing on the issue of supervised release only.