File Name: 07a0710n.06

Filed: October 3, 2007

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 04-2187

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BILLY HAVENDRO AUSTIN,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

_____/

Before:      MARTIN and McKEAGUE, Circuit Judges; GREER, District Judge[*]

      BOYCE F. MARTIN, JR., Circuit Judge. Billy Austin appeals his conviction entered under

a plea agreement for armed bank robbery and using and discharging a firearm during and in relation

to a crime of violence. Austin has filed two briefs, one pro se and the other through counsel. In his

pro se brief, Austin contends he received ineffective assistance of counsel. Through counsel, Austin

argues that his plea did not meet the requirements of Federal Rule of Criminal Procedure 11 and that

re-sentencing is required because his sentence was entered pre-*Booker*.

I.

---

[*]The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of
Tennessee, sitting by designation.

Austin argues that the district court did not adequately explain each element of the offenses to which he pled guilty. Under Rule 11, the district court is required to determine in open court whether the defendant understands "the nature of each charge to which the defendant is pleading; . . ." Fed. R. Crim. P. 11(b)(1)(G). This Court has stated that in order to adequately meet this requirement a district court must, in a simple case, read the indictment to the defendant and permit the defendant to ask questions about the charges, or in a more complex case, explain the nature of the charges further until the district court is satisfied that the defendant understands the elements of the offense. *See United States v. Syal*, 963 F.2d 900, 904-05 (6th Cir. 1992).

The record in the present case demonstrates that the district court adequately assured itself that Austin understood the nature of the charges to which he pled guilty:

- The district court instructed the government to read the indictment for counts two and three, to which Austin intended to plead guilty.

- After the government recited counts two and three from the indictment the district court then summarized the counts and explained that by "aiding and abetting," the government intended to show Austin "assisted" in the bank robbery and the use of a firearm in the bank robbery.

- After the government read the indictment and the district court summarized the counts and explained "aiding and abetting," the district court asked Austin if he understood the charges to which he was pleading guilty. Austin responded that he understood the charges.

- The district court then asked Austin to "[t]ell me what you did here that you believe makes you guilty." Austin then explained what happened on the day of the robbery, with the district court asking multiple follow-up questions in order to satisfy itself that there was a factual basis for Austin's guilty plea on both counts.

- The district court found that Austin understood the nature of the charges to which he was pleading guilty.

Based on this record, we do not believe it can be said that Austin did not understand the nature of the charges to which he plead guilty nor do we believe it can be said that the district court committed error in satisfying itself that Austin understood the nature of the charges. Accordingly, this Court finds the district court complied with the requirements of Rule 11 during Austin's plea colloquy and did not commit any error.

## II.

Both Austin and the government agree that a remand for re-sentencing is warranted here because his sentence was calculated pre-*Booker*. We agree as well. *See United States v. Barnett*, 398 F.3d 516, 526-29 (6th Cir. 2005). Accordingly, this Court remands for de novo re-sentencing under *Booker*. *See United States v. Settle*, 414 F.3d 629, 632 (6th Cir. 2005) ("On remand, the district court must impose a reasonable sentence that takes into account the sentencing factors set forth at 18 U.S.C. § 3553(a), as well as the Sentencing Guidelines.").

## III.

Austin raises for the first time in his pro se appeal (which was expressly not adopted by his appeal through counsel) a claim for ineffective assistance of counsel. "As a general rule, this court will not review claims of ineffective counsel that are raised for the first time on appeal." *United States v. Thomas*, 74 F.3d 701, 715 (6th Cir. 1996) (internal quotation marks and citations omitted). "It is appropriate on direct appeal only when the record is adequate to assess the merits of the defendant['s] allegations." *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999) (citing *United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir.1998)). "Claims of ineffective assistance of counsel are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision." *Id.* (citing *United States v. Seymour*, 38 F.3d 261, 263 (6th Cir.1994)).

Here, the record is insufficient to assess the merits of Austin's ineffective assistance of counsel claim. Accordingly, we find the claim unripe and decline to review it for the first time on direct appeal.

IV.

For the foregoing reasons, we AFFIRM Austin's conviction, but VACATE his sentence and REMAND for re-sentencing under *Booker*. We do not address Austin's claim of ineffective assistance of counsel. Motion of appellant to withdraw as counsel of record is hereby granted.