RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 07a0092p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 06-5017

ANTONIA M. HOWSE,

*Defendant-Appellant.*

>

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 04-00077—Robert L. Echols, Chief District Judge.

Argued: February 1, 2007

Decided and Filed: March 6, 2007

Before: MARTIN, COLE, and GILMAN, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Michael C. Holley, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. Paul M. O'Brien, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** Michael C. Holley, R. David Baker, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. Philip H. Wehby, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

_____

## OPINION

_____

RONALD LEE GILMAN, Circuit Judge. Antonia Howse pled guilty to one count of being a felon in possession of a firearm. In October of 2004, the district court sentenced him to 48 months of imprisonment, which was within the recommended Sentencing Guidelines range of 46 to 57 months. The Guidelines calculation included a four-level enhancement for possessing a firearm during the commission of an aggravated assault that had occurred one day prior to his arrest for the charged offense.

Howse's first appeal resulted in a remand for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand, the district court imposed a lesser sentence of 46 months' imprisonment, the bottom of the now-advisory Guidelines range. But the district court continued to find the four-level enhancement appropriate. Howse has again appealed, arguing that the

1

enhancement was improper because the government did not prove that the gun used in the enhancement offense was the same gun, or related to the gun, used in the charged offense. For the reasons set forth below, we **VACATE** the judgment of the district court and **REMAND** the case for resentencing.

## I. BACKGROUND

Antonia Howse, a resident of Nashville who is now 46 years old, was convicted in August of 1990 of selling cocaine, a felony under Tennessee law. He was sentenced to five years' imprisonment by the state court.

On November 18, 2003, two state warrants were sworn out against Howse by his then-girlfriend, Angela Edmondson. The warrants charged Howse with both aggravated and domestic assault. Edmondson alleged that Howse had pointed a loaded gun at Edmondson's 15-year-old daughter. To protect her daughter, Edmondson had stepped between Howse and her daughter and told him to leave. Edmondson told authorities that the weapon was a .45 caliber handgun.

Howse was arrested the next day on the outstanding warrants. The arresting officers discovered that Howse was carrying a loaded .380 caliber Lorcin semiautomatic pistol on his person, as well as an additional loaded magazine. A criminal background check revealed that Howse was a convicted felon. After a Bureau of Alcohol, Tobacco and Firearms expert determined that the gun had not been manufactured in the state of Tennessee, Howse was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. He pled guilty to the charge.

In the Presentence Report (PSR), the probation officer used the 2003 edition of the Guidelines to calculate Howse's Total Offense Level at 21 and recommended a sentence of between 46 and 57 months of imprisonment. This recommendation included a four-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(5), based on the aggravated assault perpetrated on Edmondson and her daughter. That provision in the Guidelines adds a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." *Id.* (This section has been moved to § 2K2.1(b)(6) in the 2006 edition of the Guidelines, but we will continue to refer to § 2K2.1(b)(5) for the sake of consistency.)

Edmondson testified at the sentencing hearing in March of 2005 that, although she told the investigating officers that the weapon used in the assault was a .45 caliber handgun, she did not know guns very well:

> Yeah, I knew he was arrested the next day with the same gun he
> pointed at my daughter. I don't know what it was. I don't know if
> it was a .45 or a .380. I told the police officer it was a .45 because
> that is what I assumed . . . . All of them look alike to me.

Howse objected to the four-level enhancement, arguing that Edmondson was not a credible witness and pointing out that the state assault charges were ultimately dismissed. The district court, however, determined that the government had proven the application of the enhancement by a preponderance of the evidence and sentenced Howse to 48 months of imprisonment.

Howse appealed. In July of 2005, the government moved to remand Howse's case to the district court for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). This court agreed. The district court held a resentencing hearing in December of that year. Howse again argued that the four-level enhancement was inapplicable in his case because the facts supporting the enhancement were neither admitted by Howse nor proven to a jury beyond a reasonable doubt. He

also argued that before the enhancement can be applied, the government must show a connection between the gun used in the enhancement offense and the gun used in the charged offense.

The district court disagreed with Howse's argument, concluding that § 2K2.1(b)(5) does not require that the firearm used in the two offenses be one and the same. It conducted no analysis and made no finding concerning the connection, if any, between the two firearms, but found that there was sufficient proof offered by the government to apply the enhancement:

> The proof on what occurred at that time was undisputed as it stands before the Court. It consists of the testimony of Ms. Edmonson [sic], as well as the exhibits filed with the Court that tend to corroborate her testimony about what occurred, in that they do show that she followed through the next day by obtaining warrants for aggravated assault.
>
> Her testimony was somewhat ambivalent as to the type of pistol or handgun that he possessed when he confronted her daughter in her apartment, but it was clear that he possessed a weapon. She described the distance, described her apartment as being very small, and indicated it was within four feet or so. So there was no mistake in her mind that he did possess a weapon and had pointed it at both of them.

After hearing testimony from Howse's sister and mother, the district court imposed a new sentence of 46 months' imprisonment, which is at the bottom of the now-advisory Guidelines range. Howse timely appealed.

## II. ANALYSIS

### A.          Standard of review

We will not reverse the district court's findings of fact with respect to the Guidelines unless the findings are clearly erroneous. *United States v. Davidson*, 409 F.3d 304, 310 (6th Cir. 2005). In contrast, this court "reviews de novo the district court's legal interpretation of the Guidelines, including mixed questions of law and fact." *United States v. Settle*, 414 F.3d 629, 630 (6th Cir. 2005) (italics omitted).

### B.          Application of U.S.S.G. § 2K2.1(b)(5)

On appeal, Howse's only challenge is to the district court's conclusion that the four-level enhancement under U.S.S.G. § 2K2.1(b)(5) properly applied to his Guidelines calculation. Subsection (b)(5) read as follows in 2003:

> (b)          Specific Offense Characteristics
>
> (5)          If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18.

U.S.S.G. § 2K2.1(b)(5).

Howse argues that this court's decision in *Settle* forecloses application of the enhancement unless the government can show that the firearm used in the enhancement offense is "clearly connected" to the firearm used in the charged offense. In *Settle*, this court reinstated in part an earlier opinion affirming the defendant's conviction and sentence for being a felon in possession of a firearm. *See Settle,* 414 F.3d at 630 (*Settle II*), *reinstating as amended, United States v. Settle*, 394 F.3d 422, 424-25 (6th Cir. 2005) (*Settle I*).

The defendant in *Settle* was stopped by police officers when they discovered that the license plate on the car he was driving corresponded to a different car. *Settle I*, 394 F.3d at 424. They recovered a .357 magnum pistol, and a subsequent police investigation revealed that Settle had previously been convicted of a felony. *Id*. This conduct formed the basis of a one-count federal indictment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *Id*. at 426. Settle pled guilty. *Id*. The probation officer noted in Settle's PSR that during the six weeks following the July 4, 2002 citation for carrying a firearm, Settle "threatened or shot individuals on four occasions." *Id*. at 429. At the sentencing hearing, the district court applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(c)(1). *Id*. at 427-30.

Section 2K2.1(c)(1) is a cross-reference provision that contains very similar language to the Guideline at issue in the present case, § 2K2.1(b)(5). Section 2K2.1(c)(1) provides that "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense," then the Guideline producing the greatest offense level should be used. U.S.S.G. § 2K2.1(c)(1). The *Settle II* court stated that "[i]n determining the relevant conduct for Settle's offense, the district court will be free to consult Guidelines § 2K2.1(c)(1)," and that the base offense level includes both offense conduct and all relevant conduct as determined by the framework described in U.S.S.G. § 1B1.3(a). 414 F.3d at 632 & n.2.

"Unless otherwise specified," relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1). It also includes "all harm that resulted from the acts and omissions" of the relevant conduct as well as "all harm that was the object of such acts and omissions." U.S.S.G. § 1B1.3(a)(3). Finally, relevant conduct includes "any other information specified in the applicable guideline." U.S.S.G. § 1B1.3(a)(4).

On Settle's first appeal, this court affirmed the sentence imposed by the district court, holding that although "there must be a relationship between firearms that form part of the relevant conduct and the firearms that are part of the offense of conviction," the firearms do not have to be the same. *Settle I*, 394 F.3d at 435. The *Settle I* court held that there was a direct relationship between the two guns because they were both purchased for the purpose of inflicting bodily harm on Settle's victim, Lonnie Young. *Id*. at 436. Because the police confiscated the firearm on July 4, 2002 that constituted the basis for the offense conduct, Settle had to procure a different firearm to effectuate the attempted murder of Young on July 17, 2002, the enhancement conduct. *Id*.

Settle sought review of this court's decision in the Supreme Court. The Supreme Court vacated *Settle I* and remanded for resentencing in light of *Booker*. This court in *Settle II* once again rejected Settle's argument that the weapon used in the enhancement conduct must be the same as the one used in the offense conduct. It instead cited with approval a Tenth Circuit case, *United States v. Jardine*, 364 F.3d 1200 (10th Cir. 2004), which held that the use of a firearm in related conduct can trigger § 2K2.1(c)(1)'s cross reference to § 2X1.1's enhancement provision even if the weapon used in the enhancement conduct is not the same as the weapon used in the offense conduct. *Jardine*, 364 F.3d at 1208, *vacated on other grounds*, 543 U.S. 1102 (2005).

U.S.S.G. § 2X1.1 applies to attempt, solicitation, or conspiracy offenses not covered by a specific offense Guideline. Under the cross-reference provision of § 2K2.1(c)(1), § 2X1.1 governs for purposes of offense-level calculation if the application of § 2X1.1 yields a higher offense level than would otherwise be available under the provision covering firearms offenses. As the *Settle II* court explained:

> First, the Guidelines require courts to consider all relevant conduct when determining the sentencing guideline range. . . . [T]he defendant's use of firearms in past drug transactions and his admitted trading of ammunition for methamphetamine were therefore 'clearly relevant' to his sentencing for felon-in-possession charges. Second, the defendant's reading of the word 'any' would lead to an absurd result by benefitting those criminals who are not apprehended with the exact firearm they used or possessed in connection with the commission of another offense. In such a case, the government would be precluded from seeking § 2K2.1(c)(1)'s enhancement even when it is undisputed that the defendant used or possessed a firearm, unless it could actually prove it was one of the exact weapons for which the defendant was charged under 18 U.S.C. § 922(g).

*Settle II*, 414 F.3d at 633 (citations and quotation marks omitted).

The *Settle II* court also discussed prior Sixth Circuit cases construing similar enhancement provisions of the Guidelines, concluding that circuit precedent requires only that "there must be a relationship between firearms that form part of the relevant conduct and the firearms that are part of the offense of conviction." *Id*. at 634. Ultimately, the *Settle II* court held that, on remand, "the district court may apply Guidelines § 2K2.1(c)(1) if it finds a *clear connection* between the firearm that Settle possessed on July 4, 2002 and any different firearm he possessed thereafter" during any of the enhancement offenses. *Id*. (emphasis added).

Section 2K2.1(b)(5), the Guideline at issue in the present case, is not a cross-reference provision, but it otherwise contains identical language to § 2K2.1(c)(1) and is situated in the same portion of the Guidelines. "It is axiomatic that identical words used in different parts of the same act are intended to have the same meaning." *Sale v. Haitian Ctrs. Council, Inc.*, 509 U.S. 155, 203 n.12 (1993) (citation and quotation marks omitted). We therefore hold that the application of the § 2K2.1(b)(5) enhancement in this case is proper only if there is a clear connection, pursuant to *Settle II*, between the firearm that Howse used to assault Edmondson and her daughter and the firearm that he possessed when he was arrested the following day.

The only evidence linking the offense firearm with the enhancement firearm is the testimony of Angela Edmondson. She testified that she thought the gun Howse was arrested with the day after the alleged assault was the same one, but nothing in the record suggests that she was present when he was arrested or that she ever saw the gun Howse possessed at the time of his arrest. Howse told the police when he was arrested that he needed the gun for protection and that he could not "go unarmed with these people looking for me."

Without more, we cannot agree with the government's assertion that one can draw a clear inference from this statement that he possessed the gun to protect himself from individuals aligned with Edmondson as a direct result of the alleged assault the previous day. And although Howse likely possessed the same firearm on the day of the assault as on the day of his arrest, the district court did not make this finding, nor did the government show a clear connection between the two firearms as required under *Settle II*. The district court found only that Howse pointed a gun at Edmondson during the assault. It made no finding as to whether that gun had any connection, let

alone a clear connection, to the gun that Howse possessed the next day at the time of his arrest. Based on the present record, we do not find a clear connection between the two firearms and thus leave it to the district court on remand to determine whether such a connection in fact exists.

Even though the Guidelines are now advisory rather than mandatory, district courts are still "required by statute to consult them." *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) (emphasis omitted); *see also* 18 U.S.C. § 3553(a)(4). Because "a district court's misinterpretation of the Guidelines effectively means that it has not properly consulted the Guidelines," a sentence based on such a misinterpretation is necessarily imposed in error. *Hazelwood*, 398 F.3d at 801.

The district court's failure in the present case to find a clear connection between the offense firearm and the enhancement firearm means that the § 2K2.1(b)(5) enhancement may have been improperly imposed. We therefore vacate the judgment of the district court and remand the case for resentencing on the limited issue of whether the § 2K2.1(b)(5) enhancement can be applied under the "clear connection" test mandated by *Settle II*. *See United States v. Moore*, 131 F.3d 595, 597 (6th Cir. 1997) ("[A] limited remand constrains the district court's resentencing authority to the issue or issues remanded."). All other sentencing calculations shall be treated as the law of the case, so that Howse's ultimate sentence upon remand will be grounded solely on whether the application of the enhancement is proper.

## III.  CONCLUSION

For all of the reasons set forth above, we **VACATE** the judgment of the district court and **REMAND** the case for resentencing with instructions that the remand be limited to the narrow issue of whether a clear connection exists to justify application of the four-level enhancement under U.S.S.G. § 2K2.1(b)(5).