*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0446p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 06-5518

JAMES T. FORE, II,

*Defendant-Appellant.*

>

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 04-00124—Joseph M. Hood, District Judge.

Submitted: September 17, 2007

Decided and Filed: November 8, 2007

Before: MOORE and GRIFFIN, Circuit Judges; GRAHAM, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Gary W. Lanker, LAW OFFICE OF GARY W. LANKER, Memphis, Tennessee, for Appellant. Charles P. Wisdom, Jr., Erin J. May, ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee. James T. Fore II, Terre Haute, Indiana, pro se.

---

## OPINION

---

GRIFFIN, Circuit Judge. Defendant James T. Fore, II, appeals his conviction and sentence on charges of interstate transportation of child pornography and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1) and (a)(4)(B), respectively. The central issue on appeal, a matter of first impression in this circuit, is whether the district court properly denied defendant's request for a two-level reduction in his base offense level pursuant to U.S.S.G. § 2G2.2(b)(1) (2005), which allows such a reduction if "the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and . . . the defendant did not intend to traffic in, or distribute, such material." Defendant argued that the reduction was justified because his conduct was limited to possession with no intent to distribute pornography. The district court, however, denied the reduction on the ground that defendant's criminal conduct was not limited to the receipt or solicitation of pornographic materials, but also involved the transportation of the

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

pornography in interstate commerce. Defendant also challenges his conviction in a separately filed pro se supplemental brief. For the reasons set forth below, we affirm defendant's conviction and sentence.

I.

On October 31, 2004, Georgetown, Kentucky, police officers were dispatched to the East Main Shell Station, in response to a complaint from the gas station clerk of a suspicious and unwanted person. Upon arrival, the officers found defendant Fore standing next to a black vehicle in the parking lot, causing a disturbance. Officers ordered defendant to put down the items he was carrying and place his hands on his vehicle. Defendant refused to comply and began screaming for the officers not to molest him. The officers warned defendant that a Taser, a non-lethal weapon that emits an electrical charge to incapacitate a subject, would be used if he did not comply with their instructions. At that point, the officers approached defendant and began to search his person. Defendant struggled with officers and grabbed at a pouch affixed around his waist. An officer then subdued defendant with the Tazer, handcuffed him, and arrested him for disorderly conduct.

After his arrest, officers searched the vehicle driven by defendant, a 1995 Pontiac Trans Am, which was loaded with his belongings. Defendant possessed a Florida driver's license, but the car was registered to a woman in Toledo, Ohio. Testimony indicated that defendant was traveling from Florida to Ohio at the time of his arrest in Kentucky. An officer found a folder containing sexually explicit photographs of minors in the rear area of the car, along with other items that were identified as belonging to defendant. A detective then arrived on the scene and observed a bag, "reminiscent of an old school bag," outside of the vehicle, leaning against the back tire. Inside the bag he found a number of file folders containing personal papers belonging to defendant. One particular folder contained approximately seventy sexually explicit photographs of minor females appearing to be between the ages of four and twelve. Several of the images contained web site information indicating that they had been obtained from Internet web sites.

On December 2, 2004, defendant was indicted by a federal grand jury on three counts: (1) knowingly transporting or shipping in interstate commerce visual depictions involving the use of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1); (2) possession of visual depictions of minors engaged in sexually explicit conduct, contrary to 18 U.S.C. § 2252(a)(4)(B); and (3) forfeiture of property pursuant to 18 U.S.C. § 2253. Following a two-day jury trial, defendant was convicted as charged on the substantive counts. The jury also determined that defendant should forfeit his interest in the Pontiac Trans Am that he was driving at the time of his arrest.

Defendant was sentenced on April 3, 2006. The Presentence Investigation Report ("PSR") placed defendant's base offense level at 22 pursuant to U.S.S.G. § 2G2.2(a)(2).[1] After the application of certain enhancements for material that involved a prepubescent minor, for material that portrayed sadistic or masochistic conduct or other depictions of violence, for the use of a computer, and for possessing approximately 122 images, defendant's total offense level was adjusted to 32. With a criminal history category of III and a total offense level of 32, the resultant recommended Guidelines range for defendant was 151 to 188 months' imprisonment.

Defendant filed several objections to the PSR calculations and argued against the enhancements at sentencing. Specifically, he requested a two-level decrease pursuant to U.S.S.G. § 2G2.2(b)(1), which allows such a reduction if "the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and . . . the defendant did not

_____

[1]The 2005 edition of the United States Sentencing Commission Guidelines Manual was used by the district court in this case.

intend to traffic in, or distribute, such material." Defendant maintained that he was entitled to the reduction because there was no evidence that he intended to traffic in or distribute the sexually explicit images of minors. The district court, however, denied the reduction on the ground that defendant's criminal conduct was not limited to the receipt or solicitation of pornographic materials, but also entailed the transportation of the pornography in interstate commerce. The district court overruled defendant's remaining objections to the sentencing calculations and sentenced defendant to 165 months' imprisonment on Count I (transportation) and 120 months on Count 2 (possession), to be served concurrently for a total term of 165 months. Defendant was also ordered to forfeit his interest in the 1995 Pontiac Trans Am he was driving on the night of his arrest. On April 4, 2006, defendant filed his timely notice of appeal.

II.

On appeal, defendant challenges the district court's denial of the requested two-level reduction in his offense level under U.S.S.G. § 2G2.2(b)(1). "Although the Guidelines are now advisory, rather than mandatory, the district court must still consider the Guidelines in fashioning a defendant's sentence and must construe them correctly in doing so." *United States v. Gale*, 468 F.3d 929, 934 (6th Cir. 2006). Accordingly, we review de novo the district court's legal interpretation of the Guidelines, but we will reverse the district court's factual findings related to the Guidelines only if such findings are clearly erroneous. *Id.*; *United States v. Howse,* 478 F.3d 729, 731 (6th Cir. 2007).

The 2005 version of U.S.S.G. § 2G2.2(b)(1) states:

(b) Specific Offense Characteristics

(1) If (A) subsection (a)(2) applies [the defendant has a base offense level of 22]; (B) the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and (C) the defendant did not intend to traffic in, or distribute, such material, decrease by 2 levels.

Defendant argues that while it is undisputed that the pornographic images traveled in interstate commerce, the pivotal issue is whether there was "distribution" of the materials, i.e., there is no evidence that he "intend[ed] to traffic in, or distribute, such material" so as to preclude a two-level decrease in his base offense level.[2]

Significantly, the Government concedes that there is insufficient evidence that defendant intended to "distribute" the images found in his vehicle, but maintains that the issue of distribution need not be addressed in resolving this appeal. Rather, the Government posits, the simple fact that defendant's criminal conduct was not "*limited* to the receipt or solicitation of material involving the sexual exploitation of a minor," as specified in U.S.S.G. § 2G2.2(b)(1)(B) (emphasis added), but also involved the interstate transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1), disqualifies defendant from receiving the reduction. We agree.

Our interpretation of U.S.S.G. § 2G2.2(b)(1) in this context is a matter of first impression in this circuit and thus requires that we first examine the plain language of the Guideline at issue.

---

[2]Application Note 1 accompanying U.S.S.G. § 2G2.2(b)(1) states:

"Distribution" means any act, including possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

*United States v. Chriswell*, 401 F.3d 459, 463 (6th Cir. 2005).  "Sentencing guidelines should be read as they are written."  *United States v. Cobb*, 250 F.3d 346, 349 (6th Cir. 2001) (citing *United States v. Nunez*, 146 F.3d 36, 40 (1st Cir. 1998)).

The wording of U.S.S.G. § 2G2.2(b)(1) is neither complicated nor ambiguous.  By its express terms, this Guideline permits a two-level reduction in the offense level only if a defendant meets three requirements:  (1) his base offense level must be 22, in accordance with subsection (b)(1)(A); (2) under subsection (b)(1)(B), his conduct must be "*limited*" in scope of the receipt or solicitation of material involving the sexual exploitation of a minor; "*and*" (3) under subsection (b)(1)(C), he did not intend to traffic in or distribute such material.  Here, defendant's undisputed base offense level is 22.  However, defendant has not met the second requirement because his criminal conduct was not *limited* to the receipt or solicitation of pornographic materials, but also encompassed the transportation of materials involving the sexual exploitation of a minor in interstate commerce in violation of 18 U.S.C. § 2252(a)(1), an offense that is separate and distinct from, and goes beyond, the mere receipt or solicitation of pornography proscribed by 18 U.S.C. § 2252(a)(4)(B).  We further note that U.S.S.G. § 2G2.2(b)(1) is devoid of any language suggesting that the offense of transporting child pornography in interstate commerce otherwise qualifies for the two-level decrease in a defendant's offense level.  Thus, because defendant's conduct was not "limited" to the receipt or solicitation of materials involving the sexual exploitation of a minor, he does not qualify for the two-level reduction under the plain language of U.S.S.G. § 2G2.2(b)(1)(B).  We therefore hold that the district court properly denied defendant's request for a decrease in his base offense level.

### III.

In a pro se supplemental brief, defendant also challenges the validity of his arrest, the effectiveness of counsel during the initial stages of his prosecution, and alleged perjury by a police officer at the suppression hearing.  Having reviewed these claims, we find them to be without merit.

### IV.

For these reasons, we affirm defendant's conviction and sentence.