**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2011
Decided March 31, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2586

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 09-30023-001 |
| JACOB A. ARMES, *Defendant-Appellant.* | Jeanne E. Scott, *Judge.* |

**O R D E R**

Jacob Armes subscribed to an Internet file-sharing service that allowed other members to access child pornography stored on his work computer. Illinois authorities searched his residence pursuant to a warrant and uncovered more than 9,800 images of child pornography on his home computer, hard drives, and data discs. Armes pleaded guilty to separate counts of receiving and possessing child pornography, *see* 18 U.S.C. § 2252A(a)(2)(B), (5)(b), and was sentenced to 151 months' imprisonment, at the bottom of the guidelines range. Armes filed a notice of appeal, but his appellate counsel has concluded that the case is frivolous and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Armes has not accepted our invitation to comment on counsel's facially adequate submission. *See* CIR. R. 51(b). We limit our review to the

potential issues counsel discusses. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel begins by noting that Armes does not want his guilty pleas vacated, and so appropriately refrains from discussing the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first considers whether Armes could challenge the two-level upward adjustment for distribution of child pornography, *see* U.S.S.G § 2G2.2(b)(3)(F), to which he objected at sentencing. At sentencing Armes argued that he did not "intend" to distribute child pornography, as reflected by the steps he took to dissuade other users from downloading from his computer, such as setting a slow download speed and limiting the quantity of files available. The district court rejected this argument, explaining that regardless of these steps, Armes still made child pornography available for others to download and that amounted to distribution. We agree with counsel that any challenge to the adjustment would be frivolous because a defendant need not have distribution as the ultimate goal; the adjustment applies when a defendant, like Armes, makes child pornography available for others to download through a file-sharing service. *See* U.S.S.G § 2G2.2 cmt. n.1 (defining distribution to include "posting material involving the sexual exploitation of a minor on a website for public viewing"); *United States v. Estey*, 595 F.3d 836, 844 (8th Cir. 2010); *United States v. Carani*, 492 F.3d 867, 876 (7th Cir. 2007).

Counsel similarly considers whether Armes could challenge the court's failure to award him a two-level downward adjustment under § 2G2.2(b)(1)–again because distribution of child pornography was not Armes's ultimate goal. But counsel correctly concludes that any such argument would be frivolous because the adjustment applies only if the defendant's conduct is limited to receipt or solicitation, *see United States v. Burgess*, 576 F.3d 1078, 1102 (10th Cir. 2009); *United States v. Fore II*, 507 F.3d 412, 415-16 (6th Cir. 2007), which was not the case here.

Finally counsel examines whether Armes could challenge the reasonableness of his sentence, but properly concludes that any such challenge would be frivolous. We would presume a within-range sentence to be reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), and here the district court correctly calculated a guidelines range of 151 to 170 months based on a category I criminal history and a total offense level of 34, which included a three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. In deciding to impose a 151-month sentence, the court considered the sentencing factors under 18 U.S.C. § 3553(a), emphasizing the number of images on Armes's computer, the reckless way in which Armes downloaded the image,

the availability of psychological therapy in prison, and the need to prevent Armes inflicting further harm on the community.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.