NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0449n.06

No. 11-2350

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 06, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| RAMI I. SABA, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: NORRIS, COOK, and McKEAGUE, Circuit Judges.

COOK, Circuit Judge. A jury convicted Rami Ikbal Saba of kidnapping and other crimes. The victim, Donald Dietz, has not been found and at trial was presumed to be dead. During sentencing, the government urged the district court to apply the felony-murder guideline, *see* U.S.S.G. § 2A1.1, by cross-referencing the kidnapping guideline. The district court, pointing to the absence of evidence regarding how or when Dietz died, refused and sentenced Saba to 389 months' imprisonment. The government now appeals, challenging the procedural reasonableness of Saba's sentence and seeking resentencing with application of the felony-murder guideline to specify a life sentence.

The kidnapping guideline directs courts to apply the felony-murder guideline "[i]f the victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111." U.S.S.G.

§ 2A4.1(c)(1).  And § 1111, which codifies the common law doctrine of felony murder, provides, "Every murder [committed] . . . in the perpetration of . . . kidnapping . . . is murder in the first degree." 18 U.S.C. § 1111(a).  The government argues that the evidence showed by a preponderance of the evidence that Saba's kidnapping resulted in Dietz's death.  *See United States v. White*, 551 F.3d 381, 383 (6th Cir. 2008) (explaining that sentencing factors need be proven only by a preponderance of the evidence).  The district court found, however, that the evidence failed even under the preponderance standard.

As the government recognizes, we review this factual finding for clear error and review Saba's sentence for reasonableness under the abuse-of-discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Fore*, 507 F.3d 412, 414–15 (6th Cir. 2007). Procedural unreasonableness results when a district court selects a sentence based on clearly erroneous facts.  *Gall*, 522 U.S. at 51.  We discern clear error only when we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Orlando*, 363 F.3d 596, 603 (6th Cir. 2004) (internal quotation mark omitted).  Whether the district court properly interpreted the applicability of the felony-murder guideline is a factor we consider in our reasonableness calculus.  *See United States v. Shor*, 549 F.3d 1075, 1077 n.1 (6th Cir. 2008).

The government argues that it need not show Saba intended to kill Dietz.  No quarrel there; the intent to kidnap alone satisfies the *mens rea* needed to apply the felony-murder doctrine.  *See United States v. Pearson*, 159 F.3d 480, 485 (10th Cir. 1998) ("In the typical case of felony murder,

there is no malice in 'fact' with respect to the homicide; the malice is supplied by the 'law.' There is an intended felony and an unintended homicide. The malice which plays a part in the commission of the felony is transferred by the law to the homicide." (quoting 2 Charles E. Torcia, *Wharton's Criminal Law* § 147 (15th ed. 1994))). Yet to trigger a life sentence, the government needed to show that Saba murdered Dietz "in the perpetration of" the kidnapping. 18 U.S.C. § 1111(a). In other words, the government needed to show that Saba's act in furtherance of kidnapping caused Dietz's death. *See United States v. Martinez*, 16 F.3d 202, 208 (7th Cir. 1994) ("The application of felony murder principles does not require . . . a finding that the death was in furtherance of the felony, but only that the act that *caused* the death was in furtherance of the felony."). Thus, the government needed to show, by a preponderance of the evidence, at least one act on Saba's part that both furthered the kidnapping and caused Dietz's death.

The government lists the following as support for applying the felony-murder guideline: (1) Dietz was presumed dead; (2) the district court itself noted that "there was no dispute that Dietz was dead"; (3) the district court chose to apply a two-level enhancement to Saba's sentence for his failure to release Dietz within 30 days, *see* U.S.S.G. § 2A4.1(b)(4)(A); (4) Saba purchased pepper spray and a stun gun before kidnapping Dietz; (5) Saba assumed Dietz's identity in an effort to seize Dietz's life savings; (6) Saba impersonated Dietz in an attempt to convince Dietz's brother that Dietz was leaving the country; (7) Saba contacted Dietz's power and telephone companies to terminate Dietz's accounts; (8) Saba contacted the post office to have Dietz's mail forwarded; (9) Saba had an

emotional breakdown during a religious counseling session in jail; and (10) Saba told his fellow inmates that "[t]hings moved faster than what they were supposed to."

Like the district court, we note the absence of factual support tying the death to the kidnapping. First, Dietz's death alone does not establish an act by Saba that caused it. At best, the government's evidence only supports the conclusion that Dietz was kidnapped and died. And no evidence establishes that Dietz was released, so the district court could apply the kidnapping guideline that punishes a failure to release within 30 days. Saba's identity theft and impersonation might establish Saba's knowledge of Dietz's death, but not its cause. Last, Saba's conversations with jail inmates offer no confirmation that Saba killed Dietz. There being no evidence of the cause of death, the possibility that something other than Saba's act in furtherance of kidnapping caused Dietz's death requires us to affirm the district court's judgment. *Cf. United States v. Wheaton*, 517 F.3d 350, 369 (6th Cir. 2008) (holding that, even when the district court incorrectly describes the evidence, "the fact that there *is* evidence in the record to support [its] finding is sufficient to preclude us from second guessing the court's determination"). Because the district court committed no clear error in evaluating the applicability of the felony-murder guideline, we cannot find Saba's sentence to be procedurally unreasonable or an abuse of discretion.

We affirm the judgment of the district court.