**NOT RECOMMENDED FOR PUBLICATION**
File Name: 16a0542n.06

No. 15-3738

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Sep 20, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| TRENT SHEPARD, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

BEFORE: SILER, GIBBONS, KETHLEDGE, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Trent Shepard appeals his 97-month sentence imposed after he pled guilty to one count of attempted receipt of visual depictions of a minor engaged in sexually explicit conduct and three counts of receiving visual depictions of a minor engaged in sexually explicit conduct. On appeal, Shepard argues that the district court miscalculated his offense level in declining to award him a two-point reduction under U.S.S.G. § 2G2.2(b), which provides for a two-point reduction when conduct is limited to the receipt or solicitation of child pornography. The district court found that Shepard's conduct was not limited to receipt or solicitation because he used the peer-to-peer file-sharing program LimeWire and accordingly declined to award him the reduction. We affirm.

I.

In a superseding indictment filed in June 2011, Shepard was charged with one count of attempted receipt of visual depictions of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and three counts of receiving visual depictions of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). After a jury trial, Shepard was found guilty on all counts and was sentenced to 168 months' imprisonment. On appeal, this court vacated Shepard's conviction and remanded his case for retrial based on its finding that the district court abused its discretion in failing to remove a juror who was unable to swear that he would give the defendant a fair trial. *United States v. Shepard*, 739 F.3d 286, 287, 293–94 (6th Cir. 2014).

On remand, Shepard pled guilty to all four counts without a plea agreement. During the guilty plea colloquy, the government explained its case against Shepard: From 2002 to 2004, Shepard subscribed to a number of websites that hosted images of real children engaged in sexually explicit conduct, spending approximately $700 to access these images. From 2006 to 2007, Shepard used the peer-to-peer software program LimeWire on three work computers to download child pornography. Shepard's former employer alerted law enforcement about Shepard when it discovered images and videos of child pornography on his work computers. Shepard admitted that the government's proffer was true and accurate.

Shepard's base offense level was 22, pursuant to U.S.S.G. § 2G2.2(a). His offense level was increased by two levels pursuant to § 2G2.2(b)(2) for material that involved a prepubescent minor younger than twelve years old; by four levels under § 2G2.2(b)(4) for sadistic, masochistic, or violent material; by two levels pursuant to § 2G2.2(b)(6) for the use of a computer or an interactive computer service; and by five levels under § 2G2.2(b)(7)(D) because

the offense involved 600 or more images, making Shepard's adjusted offense level 35. He was awarded a three-point reduction for acceptance of responsibility, making his total offense level 32. With a criminal history category of I, the Guidelines range was 121 to 151 months in prison.

During sentencing, Shepard objected to the PSR insofar as it failed to afford him a two-level reduction pursuant to U.S.S.G. § 2G2.2(b)(1). Section 2G2.2(b)(1) provides for a two-level reduction for defendants whose base offense level is 22, whose "conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor," and who "did not intend to traffic in, or distribute, such material." Shepard claimed that there was no direct proof that he was sharing files with others and that he had never admitted he knew how peer-to-peer software worked. The government argued to the contrary, stating that although there was no "direct evidence that he had distributed any images through the peer-to-peer software," there was evidence that Shepard used LimeWire in the commission of the offense. DE 105, Sentencing Tr., Page ID 1554. The government admitted, however, that it "didn't know that anybody had downloaded from him using LimeWire" and that "there's no way to tell if [Shepard] distributed images utilizing the peer-to-peer software."[1] *Id.* at 1554–55. The government still asserted that Shepard's conduct was not limited to receipt or solicitation because "he was using peer-to-peer software. And whether he knew it or not, that peer-to-peer software made those images available to others to download while he was using it." *Id.* at 1556. In overruling Shepard's objection, the district court concluded that Shepard's "conduct was not limited to receipt because he was, in fact, using peer-to-peer software." *Id.* at 1557. Nevertheless, the district court granted Shepard a variance and sentenced him to 97 months' imprisonment, from which he now appeals.

---

[1] The PSR originally read as follows: "According to the Government, there is no way to tell if the defendant was utilizing the peer to peer software." DE 94, PSR, Page ID 1519. At sentencing, pursuant to the government's request, the district court amended the PSR to read as follows: "According to the Government, there is no way to tell if the defendant distributed images utilizing the peer to peer software." DE 105, Sentencing Tr., Page ID 1553–56. Shepard declined to object to this change.

II.

We "review a district court's findings of fact at sentencing for clear error and its legal conclusions regarding the Sentencing Guidelines de novo." *United States v. Hodge*, 805 F.3d 675, 678 (6th Cir. 2015) (citing *United States v. Maken*, 510 F.3d 654, 656–57 (6th Cir. 2007)). Whether Shepard is entitled to the two-level reduction under U.S.S.G. § 2G2.2(b)(1) is one such legal question. *Id.* Put another way, district courts "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). A district court's judgment will be reversed if it commits a significant procedural error, such as improperly calculating the Guidelines range. *Id.* at 51.

The Sentencing Guidelines for child pornography cases include several interrelated provisions. Section 2G2.2(b) consists of seven possible enhancements and reductions based on the specific offense characteristics. Shepard appeals the district court's decision to deny him a two-point reduction under § 2G2.2(b)(1), which, generally speaking, provides for a two-point reduction for defendants whose conduct was limited to the receipt or solicitation of child pornography and who did not intend to distribute such material. Shepard's case is somewhat unusual, because he was denied the reduction but was not assessed an enhancement pursuant to § 2G2.2(b)(3), which provides for various enhancements for defendants who distribute child pornography.[2]

More specifically, for Shepard to qualify for the § 2G2.2(b)(1) reduction, he must demonstrate the following: (1) "his base offense level must be 22"; (2) "his conduct must be '*limited*' in scope of the receipt or solicitation of material involving the sexual exploitation of a minor"; and (3) "he did not intend to traffic in or distribute such material." *United States v.*

---

[2] Although there was no written plea agreement in this case, the government, as well as the district court, agreed not to seek the two-level enhancement for distribution, though at sentencing, the government asserted that the facts would support the enhancement. *See infra* note 3 and accompanying text.

*Fore*, 507 F.3d 412, 415 (6th Cir. 2007); *see also United States v. Rodriguez*, 896 F.2d 1031, 1032 (6th Cir. 1990) (holding that "when a defendant seeks to establish facts which would lead to a sentence reduction under the Guidelines, he shoulders the burden of proving those facts by a preponderance of the evidence"). The second and third requirements are "conjunctive, meaning the absence of either one defeats a request for the reduction." *United States v. Abbring*, 788 F.3d 565, 568 (6th Cir. 2015).

This court's precedents establish that a defendant whose sentence is enhanced under § 2G2.2(b)(3) for distribution is not entitled to a reduction under § 2G2.2(b)(1). *See Abbring*, 788 F.3d at 567–68. The Sentencing Guidelines define distribution as "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor," which "includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant." U.S.S.G. § 2G2.2 cmt. n.1. A defendant whose sentence is not enhanced for distribution, however, is not necessarily entitled to the § 2G2.2(b)(1) reduction. *See Hodge*, 805 F.3d at 684 ("Although no evidence suggests [the defendant] intended to distribute any child pornography, his criminal behavior related to his sexual interest in children went beyond mere 'receipt or solicitation.'"). Thus, a defendant whose conduct is not *limited to* receipt or solicitation is not entitled to the two-point reduction, even if his conduct does not fit the definition for "distribution." *See Fore*, 507 F.3d at 415–16 (affirming the district court's denial of the two-point reduction even though the government conceded there was no evidence that the defendant intended to distribute because his conduct involved the interstate transportation of child pornography).

Many of this court's recent child pornography cases involve the use of the Internet, as well as various peer-to-peer software programs. *See, e.g.*, *Abbring*, 788 F.3d at 566. Indeed, there is a separate two-point enhancement for defendants who use a computer or interactive computer service for the possession, transmission, receipt, or distribution of child pornography. U.S.S.G. § 2G2.2(b)(6).[3] Most file-sharing programs, including LimeWire, "permit[] users to download and view files stored on other users' computers in their shared folders." *Abbring*, 788 F.3d at 566. A peer-to-peer network allows users to share files directly over the Internet using a software program:

> The software permits users to search for files located in the shared folder that is created by the software on the computers of the other users, and when found, the requesting user can download the file directly from the computer located. "The copied file is placed in a designated sharing folder on the requesting user's computer, where it is available for other users to download in turn, along with any other file in that folder."

*United States v. Vadnais*, 667 F.3d 1206, 1208 (11th Cir. 2012) (quoting *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 919–21 (2005)) (internal citation omitted). In particular, LimeWire "stores downloaded files in a 'shared' folder that is searchable by other LimeWire users. The user can change this default setting or manually move files out of the 'shared' folder if he does not wish to share files." *United States v. Conner*, 521 F. App'x 493, 495 (6th Cir. 2013).

A defendant who knowingly uses file-sharing software such that another user could obtain the prohibited material has distributed child pornography, is disqualified from receiving the § 2G2.2(b)(1) reduction, and may be subject to a § 2G2.2(b)(3) distribution enhancement. *See Conner*, 521 F. App'x at 500; *United States v. Darway*, 255 F. App'x 68, 71 (6th Cir. 2007)

---

[3] Shepard's offense level was enhanced by two levels under this provision, and he does not appeal this enhancement. Moreover, applying the "computer" enhancement while at the same time denying the § 2G2.2(b)(1) reduction for use of peer-to-peer software does not doubly penalize a defendant; a defendant who used a website that does not enable peer-to-peer file sharing would be subject to the "computer" enhancement but may be eligible for the § 2G2.2(b)(1) reduction.

(holding that the "posting of material on the LimeWire server for public viewing constitutes 'distribution' under the plain meaning of this definition"). For example, in *Conner*, the defendant utilized LimeWire in such a way that law enforcement "connected to the [defendant's] computer, downloaded some of the files, and found that they contained child pornography," which this court found to be enough to trigger the "distribution" enhancement. 521 F. App'x at 494–95, 500. Similarly, in this court's recent decision in *Abbring*, the defendant downloaded images and videos depicting child pornography through the peer-to-peer file sharing program Ares. 788 F.3d at 566. "Law enforcement caught up with Abbring . . . when an undercover agent using Ares noticed child pornography available for download from a computer matching Abbring's internet address," and on four subsequent occasions, agents downloaded from Abbring's computer files depicting child pornography. *Id.* Because agents were able to download viewable portions of several files, Abbring's base offense level was enhanced for "distribution" pursuant to U.S.S.G. § 2G2.2(b)(3)(F), and he was ineligible for the two-level reduction under § 2G2.2(b)(1). *Id.* at 566–67.

This court has yet to hold that the mere presence of LimeWire on a defendant's computer, coupled with images and videos depicting child pornography, constitutes distribution or conduct that is not limited to receipt or solicitation. Although a defendant who uses peer-to-peer software and utilizes the "shared" folder may be enhanced for distribution, a defendant who downloads images or videos from a service that does not permit file sharing may be eligible for the receipt or solicitation reduction. *See Abbring*, 788 F.3d at 567–68; *Conner*, 521 F. App'x at 500. This distinction is an important one, as a mere downloader's conduct is limited to receipt or solicitation, while a user of file-sharing software, who enables others to view and download his illicit images and/or videos, has not limited his conduct in this way.

Shepard relies on the government's statement at sentencing that it "didn't have any direct evidence that he had distributed any images through the peer-to-peer software," DE 105, Sentencing Tr., Page ID 1554, to argue that he is eligible for the two-level reduction. He contends that "the government has no evidence of any conduct beyond receipt and solicitation," Appellant Br. at 13, but he fails to address the government's position that Shepard knowingly used LimeWire, thus making images of child pornography available for other users to download. While the government overstates its case a bit in contending that "the evidence demonstrated that images and videos of child pornography were present in the 'Shared' folder on Shepard's computers," Appellee Br. at 15, Shepard admitted that he "connected to other users' computers and downloaded images of real minors engaged in sexually explicit conduct," DE 106, Guilty Plea Tr., Page ID 1604, and the district court found that Shepard "was, in fact, using peer-to-peer software." DE 105, Sentencing Tr., Page ID 1557. This is enough to constitute the knowing use of peer-to-peer file-sharing software.

Shepard is correct that his case is distinguishable from *Abbring*, 788 F.3d at 566 (undercover agent received transmissions from defendant's computer's internet address), from *Darway*, 255 F. App'x at 69 (federal agent downloaded files from defendant's IP address), from *United States v. Carani*, 492 F.3d 867, 869–70 (7th Cir. 2007) (federal agent observed active downloads from defendant's computer), from *United States v. Griffin*, 482 F.3d 1008, 1010 (11th Cir. 2007) (Denmark police seized computer that was downloading material from defendant's computer), from *United States v. Postel*, 524 F. Supp. 2d 1120, 1124 (N.D. Iowa 2006) (defendant guilty of child abuse), and from *United States v. Shaffer*, 472 F.3d 1219, 1222 (10th Cir. 2007) (federal agent downloaded files from defendant's computer). *See* Reply Br. at 3–7. But Shepard fails to appreciate the subtleties of "distribution," which, as defined by the

Guidelines, "includes posting material involving the sexual exploitation of a minor on a website for public viewing." U.S.S.G. § 2G2.2 cmt. n.1.

Shepard's argument attempts to draw a distinction between distribution, on the one hand, and conduct limited to receipt or solicitation, on the other. Our precedents, however, clearly establish that just because a defendant has not "distributed" material pursuant to U.S.S.G. § 2G2.2(b)(3), he is not necessarily entitled to the reduction under § 2G2.2(b)(1). *See Hodge*, 805 F.3d at 684; *Fore*, 507 F.3d at 415–16. Shepard is wrong that the knowing use of a peer-to-peer file-sharing program such as LimeWire limits his conduct to the receipt or solicitation of child pornography. At his guilty plea colloquy, Shepard admitted that he used LimeWire. Coupled with LimeWire's default settings that "automatically enable[] file-sharing with other users," *United States v. Durham*, 618 F.3d 921, 924–25, 928 (8th Cir. 2010), therefore, Shepard's admission disqualifies him from eligibility for the § 2G2.2(b)(1) reduction because his conduct was not limited to receipt or solicitation.[4]

III.

For the reasons stated above, we affirm.

---

[4] This case does not address the closer question of whether a knowing user of peer-to-peer file-sharing software, where there is no direct evidence of distribution, would be subject to a § 2G2.2(b)(3) distribution enhancement. In the Eleventh Circuit, to establish distribution:

> [T]he government need not prove that another peer-to-peer network user actually downloaded a child pornography file from the defendant's computer. Rather, "[a]llowing files to be accessed on the Internet by placing them in a file sharing folder is akin to posting material on a website for public viewing. When the user knowingly makes the files accessible to others, the distribution is complete."

*United States v. Beasley*, 562 F. App'x 745, 752 (11th Cir. 2014) (quoting *United States v. Spriggs*, 666 F.3d 1284, 1286 (11th Cir. 2012)). Similarly, the Second Circuit has held that "knowingly placing child pornography files in a shared folder on a peer-to-peer file-sharing network constitutes distribution under U.S.S.G. § 2G2.2, even if no one actually obtains an image from the folder. *United States v. Farney*, 513 F. App'x 114, 116 (2d Cir. 2013) (citing *United States v. Layton*, 564 F.3d 330, 335 (4th Cir. 2009)). In contrast, the Eighth Circuit prohibits the "automatic application of distribution enhancements based solely on a defendant's use of a file-sharing program." *Durham*, 618 F.3d at 931.