[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 20, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-16937
Non-Argument Calendar

_____

D. C. Docket No. 01-00120-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY D. SUTTON, a.k.a. Sosa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 20, 2002)**

Before BLACK, MARCUS and COX, Circuit Judges.

PER CURIAM:

Larry D. Sutton was arrested after a police officer saw him selling drugs. A search of Sutton's residence revealed the presence of weapons and ammunition.

Sutton was charged in a four-count superseding indictment. He pleaded guilty to Count One, being a convicted felon in possession of a Winchester 30-30 caliber rifle, a Remington .22 caliber rifle, a Sears and Roebuck model 200 shotgun, and Federal 30-30 caliber ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(e). The remaining three counts were dismissed.

The Presentence Investigation Report ("PSI") recommended that Sutton be sentenced under §4B1.4(b)(3)(A) of the Sentencing Guidelines, which provides a base offense level of 34 "if the defendant used or possessed the firearm or ammunition in connection with a . . . controlled substance offense." United States Sentencing Commission, Guidelines Manual, §4B1.4(b)(3)(A) (Nov. 2001). Furthermore, the PSI recommended a criminal history category of VI, as required by §4B1.4(c)(2) "if the defendant used or possessed the firearm or ammunition in connection with a . . . controlled substance offense." USSG §4B1.4(c)(2).

At Sutton's sentencing hearing, Sutton asserted that none of the weapons were used in connection with the drug transaction. After hearing testimony regarding the weapons, the district court found that it was "clearly improbable" that the 30-30, .22, and shotgun were connected to the offense. (R.4 at 41.) However, the court found

that certain .357 ammunition, which was found at Sutton's residence but was not charged in the indictment, was connected to the offense. (R.4 at 41.) Sutton objected to this finding because the .357 ammunition was not charged in the indictment. (R.4 at 40.)

Using §4B1.4(b)(3)(A), the district court calculated a base offense level of 34 and subtracted 3 points for acceptance of responsibility. It also placed Sutton's criminal history category at VI, in accordance with §4B1.4(c)(2). Sutton's sentencing range was 188 to 235 months, and the court sentenced Sutton to 188 months in prison.

On appeal, Sutton asserts that he should not have been sentenced under §4B1.4(b)(3)(A). According to Sutton, the .357 ammunition could not be "the firearm or ammunition" for purposes of §4B1.4(b)(3)(A) and §4B1.4(c)(2) because the .357 ammunition was not charged in the indictment. The Government confesses error, agreeing that, for firearms or ammunition to qualify under §4B1.4(b)(3)(A) and §4B1.4(c)(2), they must be charged in the indictment.

The language of the Sentencing Guidelines, like the language of a statute, must be given its plain and ordinary meaning. *United States v. Pompey*, 17 F.3d 351, 354 (11th Cir. 1994). Section 4B1.4(b)(3)(A) imposes an offense level of 34 if the felon convicted of violating 18 U.S.C. § 922(g) uses or possesses "the firearm or ammunition" in connection with a drug offense. USSG §4B1.4(b)(3)(A). The phrase

"the firearm or ammunition" echoes, but does not replicate, the phrase "any firearm or ammunition" that is used in the statute. 18 U.S.C. § 922(g) (2000). The difference is the use of the word "the" in the Guidelines instead of the word "any."

While the word "any" is general and nonspecific, the word "the" is particular and specific. The Sentencing Guidelines themselves evince an understanding of this distinction. When any firearm or ammunition will do, the Guidelines use the nonspecific phrases "any firearm or ammunition," *see, e.g.,* USSG §2K2.1(b)(5), or "a firearm or ammunition," *see, e.g.,* §2K1.1(c)(1), rather than the specific phrase "the firearm or ammunition." The use of "the firearm or ammunition" in §4B1.4(b)(3)(A), then, indicates that this Guideline applies only to a particular firearm.

The applicable firearm is evident from a reading of the Guideline in the context of the criminal process. A defendant, whether by plea or trial, stands convicted of possessing a firearm. If "the" firearm was used in connection with a drug offense, the defendant receives a base offense level of 34; if not, the defendant receives a base offense level of 33. When viewed in this way, the Guideline seems to use "the firearm" to refer to the firearm that the defendant is convicted of possessing.

Similarly, §4B1.4(c)(2) provides a criminal history category of VI if the defendant possesses "the firearm or ammunition" in connection with a drug offense.

A plain reading of this Guideline indicates that it also applies only to firearms or ammunition for which the defendant is convicted.

In this case, Sutton was indicted, in Count One, for possessing four firearms. Sutton's possession of these firearms violated the statute, and he pleaded guilty to the violation. The district court found that none of these firearms were used in connection with a drug offense. But it nevertheless found §4B1.4(b)(3)(A) appropriate because certain .357 ammunition, for which Sutton was not indicted, was used in connection with a drug offense. This use of §4B1.4(b)(3)(A) was in error, because, as we have seen, §4B1.4(b)(3)(A) is applicable only if the firearms or ammunition *for which the felon was convicted* were used in connection with a drug offense. The .357 ammunition did not qualify under §4B1.4(b)(3)(A) because Sutton was not convicted of possessing it. Since none of the firearms for which Sutton was convicted were used in connection with Sutton's drug transaction, §4B1.4(b)(3)(A) was improperly applied to Sutton. Moreover, Sutton should not have received a criminal history category of VI because the .357 ammunition does not qualify as "the firearm or ammunition" under §4B1.4(c)(2).

Because Sutton was not convicted of possessing the .357 ammunition, the district court erred by using Sutton's possession of this ammunition to sentence him

under §4B1.4(b)(3)(A) and §4B1.4(c)(2). Therefore, Sutton's sentence is vacated, and this case is remanded for resentencing.

     VACATED AND REMANDED.