[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12985

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PATRICK ABOITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20385-JLK-1

_____

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Patrick Aboite appeals his 87-month sentence for one count of possession of a firearm and ammunition by a convicted felon. On appeal, Aboite first argues that the district court clearly erred in imposing a four-level enhancement under United States Sentencing Guidelines Manual § 2K2.1(b)(6)(B) for using or possessing a firearm in connection with another felony offense. Aboite argues that this enhancement is clear error because the other offense involved a different firearm than the one that he was convicted of possessing. Second, he argues his 87-month sentence is substantively unreasonable because the district court relied too heavily on conduct outside the count to which he pleaded guilty. On both fronts, Aboite's arguments fail. Accordingly, we affirm the district court's sentence.

## I.

After a shooting in Miami on March 29, 2021, law enforcement agents watched surveillance footage and saw the shooter's vehicle. Aboite was pulled over the next day while driving a matching vehicle nearby. During a pat-down search, agents discovered a loaded .380 caliber pistol in Aboite's waistband. Because Aboite was a convicted felon, the agents arrested him for being a felon in possession of a firearm and ammunition. They also obtained a search warrant for Aboite's vehicle. The search of Aboite's vehicle uncovered a loaded .40 caliber pistol that had been reported stolen

and small amounts of cocaine and Eutylone. That .40 caliber pistol was later determined to have been used to shoot the individual (G.S.) on March 29.

Aboite was indicted and charged with two counts of possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Count 1 was related to the .40 caliber pistol, which Aboite possessed between March 29, 2021, and April 1, 2021. Count 2 was related to the .380 caliber pistol—the pistol for which he was initially arrested—which Aboite possessed on March 30, 2021, when he was arrested and which he told law enforcement that he had purchased three to four months before he was stopped by law enforcement.

The United States executed an oral plea agreement with Aboite. Based on that plea agreement, Aboite pleaded guilty to Count 2 (.380 caliber pistol possession), and the United States dismissed Count 1 (.40 caliber pistol possession). Aboite and the government also agreed that Aboite's possession of the stolen .40 caliber pistol made Aboite subject to U.S.S.G. § 2K2.1(b)(4)(A)'s stolen firearm sentencing enhancement and that any sentence imposed would run concurrently with any state sentence for offenses related to possessing these firearms.

The district court found that the victim of the shooting had identified Aboite as the shooter and found that both firearms were in Aboite's possession the day after the shooting. The district court also found that possessing and using the .40 caliber firearm that Aboite used to shoot G.S. was part of the same purpose and plan as

that involved with the count to which he pleaded guilty. Moreover, the district court found that the .40 caliber pistol was used in connection with another felony offense. Thus, the district court imposed a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for using or possessing a firearm in connection with another felony offense. The district court calculated Aboite's advisory Guidelines range to be 70 to 87 months of imprisonment. And after considering the factors under 18 U.S.C. § 3553(a)—with an emphasis on the need for deterrence and protection of the public—the district court ultimately imposed an 87-month sentence. Aboite appeals.

## II.

We review a district court's legal interpretations and application of the Guidelines to the facts *de novo* and review its factual findings for clear error. *See United States v. Zaldivar*, 615 F.3d 1346, 1350 (11th Cir. 2010) (citing *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1219 (11th Cir. 2010); *United States v. Caraballo*, 595 F.3d 1214, 1230 (11th Cir. 2010)). "A district court's determination that a defendant possessed a gun 'in connection with' another felony offense is a finding of fact that we review for clear error." *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019) (citing *United States v. Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995)). Moreover, "[w]e review only for clear error the application of the relevant conduct [G]uideline in § 1B1.3 to the facts of the case." *United States v. Valladares*, 544 F.3d 1257, 1267 (11th Cir. 2008) (citing *United States v. White*, 335 F.3d 1314, 1319 (11th Cir. 2003)).

For a factual finding to be clearly erroneous, we must be "left with a 'definite and firm conviction'" that the district court made a mistake. *United States v. Smith*, 821 F.3d 1293, 1302 (11th Cir. 2016) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). A factual finding cannot be clearly erroneous just because the factfinder chose between two permissible views of the evidence. *See id.* (quoting *Anderson*, 470 U.S. at 574). Additionally, when reviewing the substantive reasonableness of a sentence, we apply a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41, 51 (2007). Therefore, we review one aspect of the question in Part III.A *de novo* and the other aspects for clear error and review the question in Part III.B for an abuse of discretion.

### III.

#### *A.*

The Guidelines provide for a four-level enhancement "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense . . . ." U.S.S.G. § 2K2.1(b)(6)(B). First, we will examine the "any firearm or ammunition" provision to see if the .40 caliber firearm falls under that provision. Second, we will examine the "another felony offense" provision. In this portion of the analysis, we must compare other felonies—even those Aboite was not convicted of—to the felony for which Aboite was convicted (felon in possession of a firearm and ammunition related to the .380 caliber pistol). Third, we will examine the "in connection with" provision. In this portion of the

analysis, we must analyze whether the district court properly connected the .40 caliber firearm to those other felonies. Based on the record and our analysis, we conclude that the district court properly applied the four-level enhancement.

1.

We have held that the term "'any firearm' truly means any firearm." *United States v. Williams*, 431 F.3d 767, 770 (11th Cir. 2005); *see also id.* at 770–71 (citing *United States v. Sutton*, 302 F.3d 1226, 1227 (11th Cir. 2002)); *Sutton*, 302 F.3d at 1228 (finding that a different "Guideline seems to use 'the firearm' to refer to the firearm that the defendant is convicted of possessing" (quoting U.S.S.G. § 4B1.4(b)(3)(A))). This case law resolves this part of the dispute. The use of "any" in § 2K2.1(b)(6)(B) and our decision in *Williams* that "any firearm' truly means any firearm" establish that the .40 caliber pistol could properly be considered by the district court in Aboite's Guidelines calculation if it was used or possessed in connection with another felony offense within the meaning of the Guidelines and our case law. *Williams*, 431 F.3d at 770; *see also id.* at 772; U.S.S.G. § 2K2.1(b)(6)(B).

2.

Although any firearm can be used under § 2K2.1(b)(6)(B), the firearm must be used or possessed in connection with "another felony offense." We have stated that, unless the Guidelines language specifies otherwise, the default rule is that "other offenses must be within the relevant conduct of the charged offense."

*Williams*, 431 F.3d at 772. After we stated this in *Williams*, the Sentencing Commission added Application Notes 14(A) and 14(E) to the United States Sentencing Guidelines Manual's commentary—which the parties discuss at length because it is ostensibly relevant. The commentary explains that the enhancement at issue here applies if "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1, cmt. n.14(A). Additionally, the commentary states that when the firearm is not cited in the offense of conviction, "[i]n determining whether subsection (b)(6)(B) applies, the threshold question for the court is whether the two unlawful [use or] possession offenses . . . were 'part of the same course of conduct or common scheme or plan.'" *Id.* § 2K2.1, cmt. n.14(E)(ii) (quoting *id.* § 1B1.3(a)(2)). However, we need not consider and do not defer to the Guidelines' commentary if the Guidelines themselves are unambiguous. *See United States v. Dupree*, 57 F.4th 1269, 1279 (11th Cir. 2023) (en banc).

Because U.S.S.G. § 2K2.1(b)(6)(B) itself did not change and is unambiguous, nothing undermines *Williams*'s continued force nor requires our consideration of the more recently added text in the commentary. The fact that it discusses a relevant topic does not change this result. Therefore, we continue to apply *Williams* and the Guidelines themselves to this question.

Determining whether the other offense was within the relevant conduct involves examining the Guidelines' application. We review the functioning of the Guidelines *de novo*. *See Zaldivar*, 615

F.3d at 1350 (citing *De La Cruz Suarez*, 601 F.3d at 1219; *Caraballo*, 595 F.3d at 1230). Given that § 2K2.1(b)(6)(B) does not specify otherwise, the other offense must be within the relevant conduct of the charged offense, and U.S.S.G. § 1B1.3 applies to determine whether it is relevant conduct. *See Williams*, 431 F.3d at 772. Although *Williams* was about § 2K2.1(c), this result is buoyed by the fact that the four-level enhancement at issue here is categorized as a "[s]pecific [o]ffense [c]haracteristic," U.S.S.G. § 2K2.1(b), and the fact that the relevant conduct Guideline (§ 1B1.3) explicitly states that it applies to "specific offense characteristics," *id.* § 1B1.3(a). Therefore, just as we applied § 1B1.3 to determine relevant conduct with respect to § 2K2.1(c) in *Williams*, we apply that same provision of the Guidelines to determining relevant conduct under § 2K2.1(b)(6)(B). *See Williams*, 431 F.3d at 772; *see also* U.S.S.G. § 1B1.3(a).

The district court found that the use and possession of the .40 caliber pistol was part of the same purpose and plan as the charged felon-in-possession count related to the .380 caliber pistol. Upon clear error review of the application of the relevant conduct guideline to the facts, we agree. *See Valladares*, 544 F.3d at 1267 (citing *White*, 335 F.3d at 1319). There are two potential felonies predicated on Aboite's use and possession of the .40 caliber pistol: another unlawful possession and attempted murder under Florida law for the shooting of G.S. Both constitute relevant conduct with respect to the unlawful possession conviction. As we illustrate below, under either path, the enhancement applies.

First, the two unlawful possession offenses were part of the same course of conduct. We agree with our sister circuits that "[w]hen a person prohibited from possessing firearms under federal law possesses other firearms in addition to the ones for which he was charged, these other uncharged firearms can be 'relevant conduct' under the Sentencing Guidelines." *United States v. Parlor*, 2 F.4th 807, 812 (9th Cir. 2021) (citing *United States v. Nichols*, 464 F.3d 1117, 1123–24 (9th Cir. 2006)); *see also United States v. Brummett*, 355 F.3d 343, 345 (5th Cir. 2003); *United States v. Santoro*, 159 F.3d 318, 321 (7th Cir. 1998); *United States v. Windle*, 74 F.3d 997, 1000–01 (10th Cir. 1996); *United States v. Powell*, 50 F.3d 94, 104 (1st Cir. 1995) ("[T]he contemporaneous, or nearly contemporaneous, possession of uncharged firearms is . . . relevant conduct in the context of a felon-in-possession prosecution." (citing *United States v. Sanders*, 982 F.2d 4, 9–10 (1st Cir. 1992)). Section 1B1.3(a)(2) applies to this dual felon-in-possession path because § 2K2.1 is listed within § 3D1.2(d)—which 1B1.3(a)(2) cross-references to establish the types of crimes to which § 1B1.3(a)(2) applies. Therefore, relevant conduct in the dual-possession path is that conduct which is "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).

And here, the possession of the .40 caliber pistol is relevant conduct. Under these facts, the temporal and spatial proximities of the two illegal firearms possessions are close enough to make possession of the .40 caliber pistol within the relevant conduct of the illegal possession of the .380 caliber pistol that Aboite was convicted of possessing. They were possessed at the same time—at the

time of arrest. And they were possessed in effectively the same place—in Aboite's waistband when he was in the car (.380 caliber pistol) versus in the car (.40 caliber pistol). These felonies are linked closely enough for possession of the .40 caliber pistol to be relevant conduct for purposes of the § 2K2.1(b)(6)(B) sentencing enhancement of Aboite's conviction for possessing the .380 caliber pistol.

Second, the .40 caliber firearm was used or possessed in connection with the felony shooting—attempted murder under Florida law—which is relevant conduct with respect to the felon-in-possession conviction related to the .380 caliber pistol. For the attempted murder path, § 1B1.3(a)(2) does not apply. *See* U.S.S.G. § 1B1.3(a)(2); *Williams*, 431 F.3d at 772–73. Instead, the Guidelines require establishing that the shooting "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1).

Here, under the Guidelines, the use and possession of the .40 caliber pistol to commit attempted murder is relevant conduct with respect to the conviction for being a felon in possession of the .380 caliber pistol because it "occurred during the commission of the offense of conviction." *Id.* That is, it occurred during the felon-in-possession act of having the .380 caliber pistol. We understand the district court to have inferred that Aboite had the .380 caliber pistol with him in the car at the time he shot G.S. with the .40 caliber pistol. Aboite has not established that this inference is clear error, and our review of the record counsels against any such

conclusion. Aboite had owned the .380 caliber pistol for three to four months before he was stopped by law enforcement, and the gun was with him the day after the shooting in the same car. Even if we would not make the same inference, we cannot say that the district court clearly erred in doing so. *See Smith*, 821 F.3d at 1302 (quoting *Anderson*, 470 U.S. at 574).

As a result, his felon-in-possession offense—the felony offense of conviction—was ongoing at the time that he used the .40 caliber pistol to shoot G.S. Consequently, under the Guidelines, the attempted murder of G.S. is relevant conduct with respect to the felon-in-possession conviction for purposes of the § 2K2.1(b)(6)(B) sentencing enhancement.

In short, there are two different felonies related to the .40 caliber pistol that are both relevant conduct for purposes of applying § 2K2.1(b)(6)(B) to Aboite's felon-in-possession conviction. Thus, the district court did not clearly err in applying this part of the Guidelines.

3.

Finally, we address the district court's "in connection with" determination. Both the firearm and the other offense were properly used under the Guidelines, but we must still determine whether the district court clearly erred in determining that Aboite's firearm was "in connection with" that other felony offense. *See Bishop*, 940 F.3d at 1250 (citing *Whitfield*, 50 F.3d at 949 & n.8). A firearm is in connection with the other felony offense if it facilitates or could facilitate that other felony offense. The district court

found that the victim of the shooting had identified Aboite as the shooter and found that both firearms were in Aboite's possession the day after the shooting. Consequently, the district court found that the .40 caliber pistol was used in connection with another felony offense. Here, it is the case that the .40 caliber pistol was used in connection with two other felony offenses: possession of that firearm and the offense of shooting the victim.

The district court's reasoned analysis of the application of this enhancement is not entirely clear about for which of these two felonies the enhancement was applied. Indeed, on appeal, Aboite focuses on the shooting felony, while the government focuses on the dual-possession theory. But we need not decide the exact felony on which the district court based its application of the enhancement because we would affirm based on either. *See United States v. Campbell*, 26 F.4th 860, 879 (11th Cir. 2022) (en banc) ("[W]e have 'discretion to affirm on any ground supported by the law and the record that will not expand the relief granted below.'" (quoting *Upper Skagit Indian Tribe v. Lundgren*, 138 S. Ct. 1649, 1654 (2018)) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943))). Moreover, it is entirely possible that the district court referred to both, given that there were in fact two different felonies in this case. We need only decide whether the district court properly found that the .40 caliber pistol was used in connection with another felony. It did. On this record, Aboite has not established that the district court clearly erred in this determination.

\* \* \*

The district court deliberated the applicability of the enhancement, properly applied it, and chose a permissible view of the evidence. *See Smith*, 821 F.3d at 1302 (quoting *Anderson*, 470 U.S. at 574). Therefore, the district court did not err in imposing a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

*B.*

The party challenging a sentence bears the burden of proving that it is unreasonable based on the record and the 18 U.S.C. § 3553(a) factors. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010) (citing *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006)). The § 3553(a) factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed" (A) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (B) "to afford adequate deterrence to criminal conduct"; (C) "to protect the public from further crimes of the defendant"; and (D) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the kinds of sentences available"; (4) the Sentencing Guidelines range; (5) the pertinent policy statements of the Sentencing Commission; (6) "the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). A district court

must consider all § 3553(a) factors but need not give all factors equal weight. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (citing *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009)).

"A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). The district court may attach greater weight to one § 3553(a) factor than others. *See Rosales-Bruno*, 789 F.3d at 1254 (quoting *Gall*, 552 U.S. at 57). Moreover, "[t]he decision about how much weight to assign a particular sentencing factor is 'committed to the sound discretion of the district court.'" *See Rosales-Bruno*, 789 F.3d at 1254 (quoting *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008)).

But it is still possible for the district court to balance the factors incorrectly: "a district court commits a clear error of judgment when it considers the proper factors but balances them unreasonably." *Irey*, 612 F.3d at 1189 (citing *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005)). Thus, provided the proper factors are considered, we consider a sentence substantively unreasonable only if "we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies

outside the range of reasonable sentences dictated by the facts of the case." *See id.* at 1190 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)) (citing *Shaw*, 560 F.3d at 1238; *United States v. McBride*, 511 F.3d 1293, 1297–98 (11th Cir. 2007); *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007)).

"We are not often 'left with [that] definite and firm conviction' because, as we have explained, our examination of the sentence is made 'through the prism of abuse of discretion.'" *Id.* (alteration in original) (quoting *Pugh*, 515 F.3d at 1191). Additionally, "although we do not automatically presume [that] a sentence within the [G]uidelines range is reasonable, we 'ordinarily . . . expect [it] . . . to be reasonable.'" *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (third alteration in original) (quoting *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005)).

Here, Aboite fails to meet his burden to establish that his 87-month sentence was substantively unreasonable. The district court considered the § 3553(a) factors as required. *See Rosales-Bruno*, 789 F.3d at 1254. It was within its discretion to weigh the factors of deterrence and protection of the public more seriously than other factors. *See id.* It was also permitted to consider the seriousness of the offense conduct, including the conduct beyond the count to which Aboite pleaded guilty. *See id.* Furthermore, Aboite's sentence fell within the Guidelines range—an indicator of reasonableness. *See Hunt*, 526 F.3d at 746. Based on these facts, the sentence of 87-months' imprisonment is not unreasonable. In conclusion, because the district court did not abuse its discretion in weighing the

§ 3553(a) factors and considering the facts surrounding this offense, Aboite's total sentence was not substantively unreasonable.

## IV.

For the reasons discussed above, we **AFFIRM** the district court's imposition of Aboite's 87-month sentence.